27460. LOW *v.* THE STATE.

900

*D. R. Cumming, Joseph R. Cumming, J. A. Futral,* for plaintiff in error.

*W. H. Connor, solicitor-general,* contra.

Guerry, J. George Low was convicted of the offense of assault with intent to rape. The evidence for the State showed that at about 11:30 at night two young girls in Griffin, Georgia, were walking along a street which was next to a railroad embankment, that there was a light some distance away, and that suddenly a negro, who was identified by the girls as the defendant, appeared and grabbed at one of the girls who snatched away from him and ran. He then grabbed the other girl, who was about sixteen years old, knocked her down, and choked her. She testified in part: "At first he was choking me while I was on the ground. He was holding me down with his knees in my stomach. At first he had both hands around my neck choking me. Afterwards, he released one hand and with his left hand he pulled my dress up to my waist line, from the bottom up to my waist line. He pulled all my clothes up to my waist line. I was laying on the ground and he held me down on the ground with his knees in my stomach, and he had his right hand like this [indicating] choking me. He put his hand down here [indicating] and pulled up my clothes. At first he said to me 'I will kill you, girl, if you don't shut up; don't you scream,' and then he grabbed both my hands. I gave up to die he was choking me so bad. I said 'She has got the money, get her.' I was almost unconscious." The struggle between the girl and the negro was violent, lasted two or three minutes, left its indications on the ground, and lasted until the lights of an oncoming car, which the other girl had halted, caused the defendant to leave and run across the railroad embankment. On cross-examination she testified that she said to the defendant: "'She [referring to the other girl] has got the money, get her.' I thought he was attacking me for the purpose of robbery." The defendant was arrested nearby, where he worked as a night watchman, within ten minutes after the alleged crime, and was identified by both girls.

The only legal question other than the general grounds presented by the motion is that the court failed to give in charge a request. The court charged the jury as follows: "Rape is a carnal knowledge of a female forcibly and against her will. An assault with intent to rape is an attempt made by one, a male person, to commit an unlawful assault upon the person of a female with intent to have carnal knowledge of that female forcibly and against her will. In order to authorize a conviction for the offense of an assault with intent to commit rape the evidence must show beyond a reasonable doubt, first, that an assault was made; second, that the assailant had an intent to have carnal knowledge of the female; and, third, a purpose to carry into effect this intent with force and against the will and without the consent of the female. In order to constitute this offense all three elements must appear, and if any of them are lacking the offense is not proven. If all three of those elements do appear, and you are satisfied beyond a reasonable doubt that the assault was made, that it occurred in this county about the time charged in this indictment, or at any time within four years before the indictment was found and returned into court, and *that the assailant intended to have carnal knowledge of the female,* and that in order to carry the intent out it was his purpose to and he did undertake and did use force to accomplish his purpose against the will and without the consent of the female, and if all those elements of the offense appear, then the offense of an assault with intent to rape would be complete. It would then be your duty to determine whether this accused, now on trial, George Low, was the person who committed that assault, as charged in the indictment. As I stated to you a while ago, the burden is on the State to satisfy you beyond a reasonable doubt both that the offense was committed and that this accused, George Low, was the person who committed the offense."

The request submitted contained the exact language embodied in the first headnote in the case of *Dorsey* v. *State,* 108 *Ga.* 477 (34 S. E. 135), and is the identical language used in the first part of the charge given. This additional phrase was embodied in the request: "It is insufficient that the intent to rape may as likely be presumed as an intention to commit any other offense, but it must appear to you that the intent to commit rape is more likely to be true than any other." As we stated above, the first part of the

request was the first headnote in the *Dorsey* case and was given as requested. It will be noted that in the opinion in the *Dorsey* case the principle is again stated, and then follows a discussion of the reasons for the statement made. First, the assault is discussed and what it takes to constitute an assault; second, the intent to have carnal knowledge of the female is discussed, and in the discussion the language in the part of the request which was refused was used as reasons why it was stated that the fact that there was an intent to have carnal knowledge of the female must also appear beyond a reasonable doubt. It has been held numberless times by the courts of this State that where a request to charge is fully and accurately covered in the charge given, the refusal of the request is immaterial and without error. We think the charge of the court in this instance fully and accurately stated to the jury the essential elements of the offense charged, and was applicable to the facts of the case. He charged the jury directly and clearly that unless they were satisfied beyond a reasonable doubt that the intent of the accused was to have carnal knowledge of the female assaulted, forcibly and against her will, they would not be authorized to convict. This statement as fully gave the principle applicable to the facts adduced as did the language of the request. The Supreme Court evidently considered its headnote as being the salient feature of the principle being stated. The other language was but the argument in support of the finding. It is true that in a close and doubtful case it is error to refuse to give to the jury, upon appropriate request, a charge applying the facts as shown by the evidence to the law applicable thereto. See *Roberts* v. *State,* 114 *Ga.* 450 (40 S. E. 297). This principle is applied where the law is stated abstractly, and possibly might fail to give the jury a clear and easily understood rule of application of the law to the facts. As was said in *Stribling* v. *State,* 6 *Ga. App.* 864 (65 S. E. 1068), "A pertinent legal charge adjusted to the particular facts relied upon as a defense should be given in charge to the jury, upon appropriate written request submitted in due time; and this is true although the judge in his charge states generally the abstract principle of law applicable to those facts." It can not be said in this case that the charge as given was not so full, clear, and plain as that the jury could not possibly mistake the true law applicable to the evidence in this case.

The evidence supports the verdict and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*