## 55867. BROOKS v. THE STATE.
## 55868. GRAHAM v. THE STATE.

SMITH, Judge.

Appellants were tried jointly and convicted of burglary. Since the trial court erroneously omitted instruction on the intent element of burglary, we must reverse the convictions.

1. The trial court charged the following definition of burglary: "[T]he law of the State of Georgia says that a person commits burglary when and without authority he enters the building of another." That charge constitutes reversible error as it omits the necessary stipulation that the person must have entered the building of another "with the intent to commit a felony or theft therein." Ga. L. 1968, pp. 1249, 1287 (Code Ann. § 26-1601). See *Tyler v. State,* 89 Ga. App. 535 (2) (80 SE2d 78) (1954).

2. Appellant Graham contends the trial court erred in disallowing his questioning of a witness as to what Graham had said during a conversation with two others. We find no merit in the enumerations of error dealing with that contention because appellant Graham expressly offered the witness' testimony not "for the purpose of proof as [to] the truth of the matter but simply [to show] that this conversation took place," and Graham was permitted to show that the conversation occurred.

3. The remaining enumerations of error are either meritless or present matters which will not occur on retrial.

*Judgment reversed. Deen, P. J., and Banke, J., concur.*

SUBMITTED JUNE 5, 1978 — DECIDED JULY 3, 1978.

*Jay William Fitt,* for appellant (Case no. 55867).

*Elkins, Flournoy & Gemmette, Thomas M. Flournoy, Jr.,* for appellant (Case no. 55868).

*William J. Smith, District Attorney, Joe D. Whitley, Assistant District Attorney,* for appellee.