## 57250. POWERS v. THE STATE.

SHULMAN, Judge.

Appellant was indicted for three counts of burglary and one count of criminal attempt to commit burglary. He was tried and found not guilty on Count 1 (breaking and entering with intent to commit theft); guilty on Counts 2 and 3 (breaking and entering with intent to commit theft and rape); and guilty of criminal trespass on Count 4. Defendant appeals the judgments on Counts 2, 3, and 4. For the reasons set forth in Division 3 of this opinion, we reverse the judgments on Counts 2 and 3. As no reversible error appears as to Count 4, the judgment on Count 4 is affirmed.

1. Appellant argues that there was insufficient evidence to support a verdict of guilty. We disagree. "On appeals from findings of guilt, the presumption of innocence no longer prevails, the fact finders have determined the credibility of witnesses, the fact finders have been convinced beyond a reasonable doubt, and the appellate courts review the evidence only to determine if there is any evidence sufficient to authorize the fact finder to return the verdict of guilty. [Cits.]" *Ridley v. State,* 236 Ga. 147, 149 (223 SE2d 131). As there was direct testimony identifying defendant as the perpetrator of the crimes with which he was charged, there was sufficient evidence to authorize the jury's verdict.

2. Appellant asserts that it was error for the trial court to charge that a reasonable doubt is "a doubt based

on reason and for which a reason can be given," in that such a charge impliedly shifts the burden to defendant to prove his innocence by a specific reason. See generally *State v. Moore,* 237 Ga. 269 (1) (227 SE2d 241). We disagree with appellant's contention. A review of the charge in its entirety shows that it was not burden shifting. The court did not require the defendant to prove his innocence, rather the court instructed the jury that in order for reasonable doubt to exist, which doubt would mandate a verdict of innocence, there must be an articulable reason for such doubt. See, e.g., *Jones v. State,* 139 Ga. App. 366 (2) (228 SE2d 387).

We note further that the exact language appellant complains of has been previously held not to be error. *Bryant v. State,* 197 Ga. 641 (10) (30 SE2d 259); *Arnold v. State,* 131 Ga. 494 (4) (62 SE 806). Accordingly, we find this contention to be without merit.

3. On two counts of burglary, defendant was charged with breaking and entering with intent to commit theft and rape. Appellant contends that the trial court erred in failing to instruct the jury on the elements of rape. We must agree with appellant's contentions.

A. "[I]t is the duty of the judge, with or without request, to give the jury an appropriate instruction as to the law on each substantive point of issue involved in [a] case" so as to enable the jury to judiciously decide the guilt or innocence of a defendant. *Driver v. State,* 194 Ga. 561 (1) (22 SE2d 83). See also *Glaze v. State,* 2 Ga. App. 704 (58 SE 1126); *Sledge v. State,* 99 Ga. 684 (2) (26 SE 756). As defendant's intention to rape was an essential element of the crime with which he was charged (see *Williams v. State,* 112 Ga. App. 894 (147 SE2d 50)), the court's failure to legally define rape constitutes reversible error.

B. We are unpersuaded by appellee's argument that, in the absence of a proper request, the charge as given was adequate. The crime of rape is defined and limited under Code Ann. § 26-2001. We will not presume, in the absence of a proper instruction from the court, that a jury is cognizant of the legal definition of rape and will apply the appropriate legal standard in determining whether the defendant had the specific intent to commit rape. As to the requisite elements of the offense, see *Dorsey v. State,* 108

Ga. 477 (1) (34 SE 135). As to instructions which have been held sufficient, see *Low v. State,* 59 Ga. App. 899 (2 SE2d 508); *Green v. State,* 82 Ga. App. 402 (3) (61 SE2d 291); *Fouts v. State,* 175 Ga. 71 (3) (165 SE 78). Accordingly, we are constrained to hold that the failure of the trial court to instruct on the elements of rape requires reversal of Counts 2 and 3.

4. Appellant alleges error in the court's refusal to uphold his motion to excuse a prospective juror for cause. On voir dire examination, the juror testified that he would give more credibility to the testimony of police officers than other witnesses. As the prospective juror did not state that he would believe one particular party in the case over another, "such opinion is not one relating to the matter at issue or the particular parties to the case or the particular witnesses." This being so, the trial court was not required to disqualify the juror. *Bowens v. State,* 116 Ga. App. 577 (4, 5) (158 SE2d 420). Thus, we find no error in the court's failure to strike the prospective juror.

5. Appellant contends that the court erred in charging the jury that they must find the defendant not guilty of the offenses charged in the indictment before considering his culpability for a lesser included offense. Appellant maintains that the court's charge effectively denied the jury the right to convict the defendant of a lesser included offense. This enumeration is controlled adversely to appellant by *Lamar v. State,* 243 Ga. 401. See also *Wilson v. State,* 215 Ga. 446 (6) (111 SE2d 32).

As "[a]n enumeration of error cannot be enlarged to include other issues not made therein" (*Reese v. State,* 139 Ga. App. 630 (3) (229 SE2d 111)), appellant's attempt to enlarge this enumeration by further asserting error in the court's failure to charge on simple battery is not properly before this court.

6. In response to a question by defense counsel regarding a conversation the witness had with the defendant, the witness stated that he was told by the defendant that the defendant was on probation. Appellant now claims that the witness' comment was unsolicited, unresponsive, and that it improperly placed defendant's character in issue.

Even assuming that appellant properly objected to

the admissibility of such testimony, appellant's contention is without merit. The witness' answer to the question propounded by defense counsel was a direct and pertinent response. "Where counsel elicits testimony unfavorable to his client, he will not be heard to object to it, no matter how prejudicial it may be, if it is a direct and pertinent response to the question propounded." *Rozier v. State,* 126 Ga. App. 336 (1) (190 SE2d 627).

Moreover, as appellant's counsel pursued the line of questioning regarding further statements made by the defendant to the witness in reference to his probation, appellant "has no standing to complain about [the witness'] responsive answer to his questions, which he himself elicited." *Clyatt v. State,* 126 Ga. App. 779, 783 (192 SE2d 417).

7. We find no merit in appellant's claim that the court erred in failing to charge on the law of circumstantial evidence, without a specific request for such a charge. The testimony of eyewitnesses was direct evidence of defendant's culpability. "An instruction on circumstantial evidence is required only where the case is totally dependent upon circumstantial evidence. [Cits.]" *Gaines v. State,* 232 Ga. 727 (3) (208 SE2d 798).

*Judgments reversed as to Counts 2 and 3; judgment affirmed as to Count 4. Deen, C. J., and McMurray, P. J., concur.*

ARGUED FEBRUARY 13, 1979 — DECIDED MAY 14, 1979.

*Eric Welch,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, R. David Petersen, Assistant District Attorneys,* for appellee.