## 60071. CONROY v. THE STATE.

SHULMAN, Judge.

Defendant appeals her conviction of the offense of criminal attempt to commit theft by deception. For the reasons set forth in Division 3, we reverse.

1. Since our review of the record reveals that, contrary to appellant's contentions, an affidavit was submitted in support of the accusation brought against defendant, appellant's contentions of error predicated upon the lack of such affidavit are without merit.

2. Neither can we agree with appellant's assertions of error on the general grounds. There was evidence presented at trial from which a rational trier of fact could have found defendant guilty beyond a reasonable doubt of the offense charged. See Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

3. However, we must agree that the trial court's failure to instruct the jury on the offense charged, that is, the court's failure to define the essential elements of the offense of criminal attempt to commit theft by deception (see Code Ann. §§ 26-1001 and 26-1803) constituted reversible error. While it is not incumbent upon the trial court to instruct the jury in the exact language of the Code, it is necessary that he instruct, even absent request, on the essential elements of the offense charged. *Powers v. State,* 150 Ga. App. 25 (3) (256 SE2d 637). See also *Brooks v. State,* 146 Ga. App. 519 (1) (246 SE2d 506). The trial court's failure to do so mandates the reversal of its judgment.

*Judgment reversed. Quillian, P. J., and Carley, J., concur.*

ARGUED JUNE 17, 1980 — DECIDED
SEPTEMBER 5, 1980.

*Austin E. Catts,* for appellant.
*W. Ed Mumford, Assistant Solicitor,* for appellee.