A89A1248. SHARP v. THE STATE.
(385 SE2d 23)

SOGNIER, Judge.

Lamar Sharp was convicted of burglary and escape and he appeals.

1. In his first two enumerations of error, appellant questions the sufficiency of the evidence to support his conviction of burglary, arguing that the State showed only appellant's presence at the scene of the crime, which is insufficient to support a conviction. See *Crumley v. State*, 185 Ga. App. 795, 796 (366 SE2d 171) (1988). We do not agree.

The evidence adduced at trial, viewed to support the jury's verdict, showed that in the early morning hours of August 4, 1988, Lowndes County police on routine patrol noticed a broken window in the front door of a lounge in Valdosta. The county police notified the city police department, which investigated. Several city police officers testified that upon entering the lounge, which was closed for the day, they found beer and wine coolers on a pool table and cigarettes and cigarette lighters piled on the floor, and eventually located appellant hiding behind a video game machine. An employee who had closed the lounge that night testified that everything was in order when she left, that she had seen someone who looked like appellant outside the lounge at closing time, and that she had not authorized appellant to enter the lounge after closing. The lounge's owner, Ida Mae Nelson, testified that thirteen lighters were missing. Nelson also testified that several weeks before trial she spoke on the telephone with a person whose voice she recognized as that of appellant, who admitted breaking into the lounge, and apologized.

We find this evidence sufficient for a rational trier of fact to find appellant guilty beyond a reasonable doubt of burglary. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Notwithstanding appellant's argument that Nelson's testimony regarding the telephone call was not credible, leaving only the evidence of appellant's mere presence at the scene, which is insufficient to support the conviction of burglary, " '[t]he credibility of a witness is a matter for the trier of fact, and this court will not disturb the jury's finding un-

less it is insupportable as a matter of law. (Cit.) Since we do not find that to be the situation in the case at bar, we will not disturb the jury's finding.' [Cit.]" *Burroughs v. State,* 186 Ga. App. 40, 41 (1) (366 SE2d 378) (1988).

2. Appellant also contends the trial court erred in its charge on burglary by failing to instruct the jury that the State bore the burden of proving beyond a reasonable doubt that appellant intended to commit a theft, and by failing to define for the jury the term "theft."

(a) " ' "The charge to the jury is to be taken as a whole and not out of context when making determinations as to the correctness of same. (Cits.) . . ." [Cit.]' [Cit.]" *Johnson v. State,* 187 Ga. App. 803, 804 (3) (371 SE2d 419) (1988). Our review of the charge as a whole persuades us that the trial court charged the jury adequately on intent. Before any evidence was introduced the trial court addressed the jury in preliminary remarks regarding the presumption of innocence, burdens of proof, and reasonable doubt, and specifically cautioned them that the State had the burden of proving each element of the offense beyond a reasonable doubt. In his charge to the jury at the conclusion of the case, the trial judge again repeated his instruction that the State must prove every essential element beyond a reasonable doubt; charged the jury that intent was an essential element of every crime and must be proved by the State beyond a reasonable doubt, and that intent to commit a theft was an element of the crime of burglary; and further instructed the jury that they could not presume intent, but could find "intention or the absence thereof upon a consideration of words or demeanor or conduct and motive and other circumstances connected with the act." This charge was a thorough and accurate statement of the law, and we find no error here. See generally id.

(b) Nor do we find merit in appellant's argument that the trial court should have defined for the jury the term "theft." Appellant did not request the definition, and " '[i]n the absence of request, the court's failure to define the meaning of terms used in the charge is not ordinarily ground for reversal. (Cits.)' [Cit.]" *Black v. State,* 167 Ga. App. 204, 207 (6) (305 SE2d 837) (1983). Moreover, although in *Powers v. State,* 150 Ga. App. 25, 26 (3) (256 SE2d 637) (1979), cited by appellant, a charge on the elements of rape was held necessary because the accused was charged with burglary with intent to commit rape and because there was no presumption, in the absence of a proper instruction, that a jury is cognizant of the legal definition of rape and would apply the appropriate legal standard in determining whether the defendant had the specific intent to commit rape, id. at 26 (3) (B), "[t]he word 'theft' is not, like ['rape,'] a technical word of art with narrowly defined meaning, but a word of general and broad connotation, covering any criminal appropriation of another's prop-

erty to the taker's use. [Cit.]" *Henson v. State*, 136 Ga. App. 868, 869 (1) (222 SE2d 685) (1975). Thus, unlike the situation in *Powers, supra*, it is unlikely that the jury would be unable to understand the trial court's charge that "[o]ur law says that a person commits the offense of burglary when without authority he enters any building of another with intent to commit a theft therein." Accordingly, the trial court did not err by failing to define the term "theft." See generally *Dix v. State*, 238 Ga. 209, 215 (5) (232 SE2d 47) (1977).

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED JULY 14, 1989.

C. *Richard Williams, Jr.*, for appellant.

H. *Lamar Cole, District Attorney, J. David Miller, Assistant District Attorney*, for appellee.