## A99A0757. HART v. THE STATE.
(517 SE2d 790)

ANDREWS, Judge.

Andra Hart was found guilty by a jury of burglary. On appeal Hart claims the trial court failed to properly charge the jury and abused its discretion by refusing to strike two prospective jurors for cause. We find no basis for reversal and affirm.

1. The State presented evidence sufficient to support the jury's conclusion that, without authority and with the intent to commit a theft therein, Hart entered the dwelling house of the victim as charged in the indictment. The victim testified that he caught Hart inside his house at about 12:30 a.m., and that, after a brief struggle, he subdued Hart, called the police, and held Hart until the police arrived. The victim testified that he did not know Hart and that Hart had no authority to enter the house. He said that Hart gained entry to the house by pulling off a screen and coming in through the kitchen window. The police officer who responded to the call testified that, when he arrived, Hart was in the house bleeding from a wound suffered in the struggle. The officer said Hart told him that he saw the door to the house open and that he entered the house only to tell the residents that their door was open. The officer testified that he observed the damaged screen and window where the victim said Hart entered the house. The victim's wife, who was also home at the time, testified and confirmed her husband's testimony. As similar transaction evidence, the State also showed that Hart had previously committed a similar burglary involving the theft of property from a

residence.

Hart testified and denied the charges. He said that he met the victim four months prior to the alleged burglary, and that he and the victim had a secret homosexual relationship. Hart testified that, on the night at issue, he went to the victim's house to break off the relationship, that the victim let him into the house to talk, and that, when the victim's wife saw them, the victim attacked him and falsely accused him of burglary.

In weighing the credibility of the witnesses, the jury obviously concluded that Hart's version of the events was not credible. The evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that Hart was guilty of burglary. OCGA § 16-7-1; *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Hart claims the trial court committed numerous errors in its charge to the jury, including errors in failing to charge and errors in the charge given.

The record shows that, after charging the jury, the trial court asked defense counsel for objections to the charge and that, without reserving objections, defense counsel responded that the defendant relied on his previous objections made in the pre-charge conference. The only objection made by Hart in the pre-charge conference which he now alleges as error on appeal was to the trial court's refusal to give his requested charge on the general intent necessary to commit a crime. Accordingly, Hart preserved appellate review of the trial court's refusal to give his requested charge on intent. However, Hart's failure either to object or to reserve the right to raise other objections at a later time was a procedural default which bars appellate review of other alleged errors in the charge, unless those alleged errors constitute substantial error which was harmful as a matter of law as set forth in OCGA § 5-5-24 (c). *Gaines v. State*, 177 Ga. App. 795, 798-799 (341 SE2d 252) (1986); *Early v. State*, 218 Ga. App. 869, 870 (463 SE2d 706) (1995).

(a) There is no merit to Hart's claim that the trial court's refusal to give his requested charge on general criminal intent requires reversal. Although the trial judge did not give the pattern charge on intent, as she indicated she would do in the charge conference, the jury was instructed that "a person commits the offense of burglary when without authority that person enters in a building or dwelling house of another with the intent to commit a theft." The trial judge also instructed the jury that there must be a joint operation of act and intention to constitute a criminal violation and that every element of the offense charged must be proved beyond a reasonable doubt. These instructions were sufficient to inform the jury of the essential elements of the offense, including general intent and specific intent to commit a theft. *Hensley v. State*, 228 Ga. 501, 503-504

(186 SE2d 729) (1972); *Barrett v. State,* 146 Ga. App. 207, 208 (245 SE2d 890) (1978); compare *Brooks v. State,* 146 Ga. App. 519 (246 SE2d 506) (1978).

(b) It follows that Hart's additional claims that the trial court committed harmful error in failing, sua sponte, to adequately instruct the jury as to general intent and specific intent are without merit.

(c) Contrary to Hart's contention, the trial court did not err by failing, sua sponte, to instruct the jury as to the elements of theft. *Sharp v. State,* 192 Ga. App. 353, 354-355 (385 SE2d 23) (1989).

(d) Hart also claims the trial court erred by using the phrase "moral and reasonable certainty" in its charge on reasonable doubt. Although the better practice is to omit any reference to "moral and reasonable certainty," there was no reversible error because the charge viewed in its entirety "repeatedly and accurately conveyed to the jury the concept of reasonable doubt." *Vance v. State,* 262 Ga. 236, 237-238 (416 SE2d 516) (1992), overruled on other grounds, 267 Ga. 209, 210 (477 SE2d 807) (1996); *Caldwell v. State,* 263 Ga. 560, 563-564 (436 SE2d 488) (1993); *Armstrong v. State,* 265 Ga. 18, 19 (453 SE2d 442) (1995).

Moreover, all of the claims of error in Divisions 2 (b), (c), and (d), supra, were waived by Hart's failure to raise objections in the trial court, and we find no substantial error as defined in OCGA § 5-5-24 (c).

3. Hart claims the trial court erred in failing to remove two prospective jurors for cause.

The first prospective juror testified that a business where she worked had been burglarized twice, the most recent time about four months earlier. She stated she was not present during the burglaries. When asked, "And you believe that you can't set that aside?" she responded, "No." The record is unclear whether this response meant that she did not believe she could not set it aside or whether she believed she could not set it aside. When asked again if she could be a fair and impartial juror in the trial of the burglary charge, she responded, "I would have a problem being impartial." Based on this record, the trial court denied Hart's motion to remove the prospective juror for cause.

The second prospective juror stated that his residence had been burglarized five times, the most recent time about ten years ago. When asked if he could be a fair and impartial juror, he stated that the previous burglaries would probably enter his mind, but that he was not saying that was all he would think about. The trial court denied Hart's motion to remove the prospective juror for cause.

Whether to remove a prospective juror for cause lies within the sound discretion of the trial court. *Garland v. State,* 263 Ga. 495, 496

(435 SE2d 431) (1993). To excuse for cause, it must be shown that the juror holds an opinion of guilt or innocence that is so fixed and definite that the juror would be unable to set the opinion aside and decide the case on the evidence and the charge of the court. Id. A prospective juror's expression of doubt as to his or her impartiality or ability to put aside personal experiences does not demand removal for cause as a matter of law. *Holmes v. State*, 269 Ga. 124, 126 (498 SE2d 732) (1998). "A conclusion on an issue of bias is based on findings of demeanor and credibility which are peculiarly in the trial court's province, and those findings are to be given deference." Id.

The trial court did not abuse its discretion in refusing to remove the prospective jurors for cause. Although both prospective jurors expressed doubts as to whether they could put aside their experiences, neither said that he or she had formed an opinion as to Hart's guilt or innocence. Id.

Contrary to Hart's contention, the trial court was not required to make factual findings on the record in support of its decision that the jurors should not be excused for cause. Factual findings are required only "where the record shows on its face circumstances indicating that a potential juror has a *compelling interest or bias* in the case." (Emphasis supplied.) *Garland*, 263 Ga. at 497. Neither prospective juror in this case held such a compelling interest or bias in the outcome of the case. *Matthews v. State*, 268 Ga. 798, 800 (493 SE2d 136) (1997). The record of the voir dire was sufficient to support the trial court's rulings.

*Judgment affirmed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED MAY 12, 1999 —
RECONSIDERATION DENIED MAY 28, 1999 — CERT. APPLIED FOR.

*Jennifer N. Foster*, for appellant.
*Paul L. Howard, Jr., District Attorney, Darrell T. Carver, Elizabeth A. Baker, Assistant District Attorneys*, for appellee.