## A99A1126. SINGLETON v. THE STATE.
(522 SE2d 734)

McMURRAY, Presiding Judge.

Representing himself, defendant Rickey Angelo Singleton was tried before a Richmond County jury in 1995 and found guilty of two counts of theft by shoplifting. Appellate counsel was appointed, and on direct appeal both convictions were affirmed. *Singleton v. State*, 231 Ga. App. 694 (500 SE2d 411). But in an order entered December 17, 1998, the Superior Court for Dooly County concluded defendant received ineffective assistance of appellate counsel and granted defendant habeas relief in the form of permission to file an out-of-time appeal. Again proceeding pro se, defendant filed a timely notice of appeal, raising 13 enumerations of error. Finding no reversible error, we affirm. *Held*:

1. Singleton first claims he was denied his constitutional right to trial counsel. On the morning of trial, Singleton released his court-appointed lawyer and proceeded to represent himself, with appointed counsel remaining at the defense table to assist. Singleton invoked the Fourth, Fifth, Sixth, and Fourteenth Amendments in arguing for a severance of the offenses for trial and in support of a motion to dismiss the indictments, but never asked for another appointed attorney. In our view, the trial court was authorized to conclude that, by releasing his appointed attorney on the morning of trial and proceeding with the case by representing himself, Singleton made the functional equivalent of a knowing and voluntary waiver of appointed trial counsel. *Phipps v. State*, 200 Ga. App. 18, 19 (406 SE2d 493).

2. Count 1 of the indictment alleged that Singleton stole one Admiral compact disc stereo from Montgomery Ward on June 10, 1995, and then stole a Hoover vacuum from the same Montgomery Ward store on July 19, 1995. The trial court did not abuse its broad discretion in overruling Singleton's oral motion to sever the offenses for trial, since they involve an ongoing scheme involving the same type of crime against the same victim. *Agony v. State*, 226 Ga. App. 330 (1) (486 SE2d 625).

3. Before the presentation of evidence, Singleton orally requested a "curative instruction as to not to consider evidence in one case as used in another." Because this oral request did not conform to the procedural rules identified in *State v. Stonaker*, 236 Ga. 1 (222 SE2d 354), the trial court's alleged failure to include the substance of this request in its charge to the jury was not error. *Barner v. State*, 263 Ga. 365, 367 (3) (434 SE2d 484).

4. Although Singleton enumerates the admission into evidence of his custodial statements via the arresting officer, to the effect that "when you're caught, you're caught," scrutiny of the record indicates this was not elicited by the State but occurred during cross-

examination of the arresting officer by defendant himself, in response to his open-ended questions. Thus, any error was self-induced and provides no basis for reversal. *Tucker v. State*, 225 Ga. App. 757, 758 (2) (484 SE2d 793); *Fitzgerald v. State*, 193 Ga. App. 76, 78 (7) (386 SE2d 914).

5. The fifth enumeration is controlled adversely to Singleton based upon this Court's ruling in his prior appeal. *Singleton v. State*, 231 Ga. App. at 695 (2), supra.

6. Singleton took the stand on his own behalf and so was subject to cross-examination as any other witness, except as to his general bad character or prior convictions. OCGA § 24-9-20 (b). It follows that the trial court did not err in permitting the State's attorney, over an objection that this shifted the burden of proof, to ask defendant whether he attempted to contact anyone at Montgomery Ward who could corroborate his testimony that he entered the store with an allegedly stolen CD player in order to return it. Nor was there any error in permitting the State's attorney to comment on the absence of corroborating evidence in closing argument. *Workman v. State*, 137 Ga. App. 746, 747 (3) (224 SE2d 757) (whole court).

7. Acting under the authority of OCGA § 17-7-70.1, the district attorney preferred accusations charging defendant with felony theft by shoplifting. With the assistance of counsel, Singleton pleaded not guilty without submitting a written objection to the form or the substance of these accusations. In so doing, he waived any right to be indicted by the grand jury for felony theft by shoplifting. *Crowder v. State*, 218 Ga. App. 630, 631 (1) (462 SE2d 754). On the morning of trial, Singleton orally moved to dismiss the accusations as fatally defective on unspecified legal and constitutional grounds, and the denial of that motion is enumerated as error.

All exceptions to the form of the accusations were waived by Singleton's failure to file written special demurrers before entering a plea on the merits. *Dunbar v. State*, 209 Ga. App. 97 (2) (432 SE2d 829). Singleton could not admit the allegations that, *with the intent to appropriate for his own use* specified merchandise belonging to Montgomery Ward and valued at more than $100, he took possession of that merchandise *without paying* for it and still be innocent of the crime of theft by shoplifting. OCGA § 16-8-14. Therefore, the accusations are good as against a general demurrer, which may be raised orally and at any time. *Dunbar v. State*, 209 Ga. App. at 98 (2), supra. The trial court correctly refused to dismiss the accusations as requested in defendant's oral motion. The seventh and tenth enumerations are therefore without merit.

8. The trial court did not violate OCGA § 17-8-57 in explaining the basis for an evidentiary ruling, outside the presence of the jury. *Bryant v. State*, 268 Ga. 664, 667 (8) (492 SE2d 868).

9. Singleton submitted no written request to charge on any lesser included offenses, and the trial court did not err in failing to instruct sua sponte on misdemeanor theft by taking. *State v. Stonaker*, 236 Ga. at 2 (2), supra. His equal protection challenge was not raised and ruled upon in the trial court and so presents nothing for review in this Court. *Gee v. State*, 210 Ga. App. 60, 61 (3) (435 SE2d 275).

10. Next defendant contends the State suppressed exculpatory evidence by failing to produce at trial the stolen merchandise. No discovery motion under *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) was filed on Singleton's behalf. The record reflects that the vacuum cleaner was returned to the store stock. The State does not suppress allegedly exculpatory evidence if that evidence is not in the State's possession. *McBee v. State*, 210 Ga. App. 182, 183 (2) (435 SE2d 469). As for the carton containing the Admiral CD player, Singleton has failed to establish the constitutional materiality of that item. Since he testified he was attempting to return the CD player after buying it at a flea market, the carton itself is cumulative and its omission does not establish a reasonable doubt that did not otherwise exist based on that testimony. *Brooks v. State*, 182 Ga. App. 144 (1), 145 (355 SE2d 435). No new trial is warranted on this ground.

11. The record, as cited to us by Singleton, does not support his claim of undue influence over the presiding judge due to the presence in the courtroom of another judge (purportedly the father of the State's attorney), watching the proceedings as a member of the public.

12. Singleton was sentenced to serve two ten-year consecutive terms. On appeal, he contends this lawful maximum is disproportionate to the property crimes, where the proven value of the items stolen was only $300. We disagree.

"A sentence is not unconstitutionally cruel and unusual if it is within the statutory limit. This court is without authority to review sentences within the statutory range." (Citations and punctuation omitted.) *Covington v. State*, 157 Ga. App. 371 (2) (277 SE2d 744). Any question about the excessiveness of consecutive ten-year sentences, which in this case were within the legal limits at the time defendant was convicted and sentenced, should have been addressed to the appropriate sentence review panel under OCGA § 17-10-6 (a). *Robinson v. State*, 150 Ga. App. 642, 644 (7) (258 SE2d 294). Since the record in this case does not affirmatively disclose that defendant Singleton was informed of his right to have his consecutive ten-year sentences administratively reviewed by the Superior Court Sentence Review Panel, he shall have thirty days from the date of this judgment to make the appropriate application to the appropriate panel.

*Judgment affirmed. Johnson, C. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 24, 1999 —
RECONSIDERATION DENIED OCTOBER 5, 1999 — 

Rickey Singleton, *pro se.*

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney,* for appellee.