## A99A1126. SINGLETON v. THE STATE.
(533 SE2d 457)

McMurray, Senior Appellate Judge.

In *Singleton v. State,*[1] we affirmed Rickey Singleton's conviction. The Supreme Court of Georgia thereafter granted certiorari, vacated our judgment, and remanded for reconsideration of our holding in Division 1 in light of *Parks v. McClung,*[2] *Sloan v. Sanders,*[3] *Wharton v. Anderson,*[4] *Larry v. Hicks,*[5] and *Jones v. Wharton,*[6] in which the Supreme Court held that waiver of a constitutional right will not be inferred from a silent record. *Held:*

Upon reconsideration of Division 1 of our prior decision[7] in light of the above-referenced authorities, we vacate our judgment therein and find that the trial court erred in failing to obtain a knowing and voluntary waiver of appointed counsel from Singleton on the record, effectively denying Singleton his right to trial counsel. Accordingly, we reverse and remand for a new trial, adhering to our holdings in Divisions 2 through 12 of our prior opinion,[8] as we were not directed to reconsider these and the issues there decided may recur upon any retrial of this case.

*Judgment reversed. Johnson, C. J., and Phipps, J., concur.*

DECIDED APRIL 11, 2000.

Rickey Singleton, *pro se.*
*Daniel J. Craig,* District Attorney, *Charles R. Sheppard,* Assistant District Attorney, for appellee.

---

[1] 240 Ga. App. 240 (522 SE2d 734).
[2] 271 Ga. 795, 798 (507 SE2d 799).
[3] 271 Ga. 299, 300 (519 SE2d 219).
[4] 270 Ga. 22, 23 (1) (504 SE2d 670).
[5] 268 Ga. 487, 488 (491 SE2d 373).
[6] 253 Ga. 82, 83 (316 SE2d 749).
[7] *Singleton v. State,* 240 Ga. App. at 240 (1), supra.
[8] Id. at 240-242 (2)-(12).