## A00A1619. MOORE v. THE STATE.
### (539 SE2d 851)

RUFFIN, Judge.

A jury convicted Jairus Moore of rape, two counts of aggravated sodomy, four counts of aggravated assault, and two counts of possession of a firearm during the commission of a crime. On appeal, Moore asserts multiple enumerations of error. As his assertions lack merit, we affirm.

Viewed in the light most favorable to the verdict, the record shows that, in the early morning of July 27, 1997, a woman met Moore at a party. After the two danced together, Moore invited her outside to see his pickup truck, and she agreed. At the truck, Moore pulled out a gun and ordered the woman to get in. He drove to a dark wooded park where he ordered her to get out. When the woman asked Moore not to "do this" to her, he hit her across the face with the gun.

According to the woman, Moore then forced her to orally sodomize him, and attempted to have both anal and vaginal intercourse with her. Although Moore was unable to penetrate the rectum, he managed to penetrate her vagina despite her struggling. Eventually, the woman was able to break away from Moore, and she ran, naked, into the woods. Moore caught up with her and grabbed her around the neck. The woman fell, and Moore began beating her again as he attempted intercourse with her.

The woman broke away again, ran to a house, and cried for help. Someone inside the house turned on a light, which alerted Moore to the woman's whereabouts. He charged her, pushing her head through a glass door. He then threatened to kill her, telling her that he would be "right back." Moore left, and the woman, fearing that he would return with a gun, crawled through the pane of broken glass

into the house. The woman testified that she was bleeding from head to toe. Mary Ann Carden, the owner of the house, called 911. The police arrived and took the woman to Grady Hospital, where she was treated for multiple lacerations and bruises.

Later that same morning, Moore drove to the home of his former girlfriend. Moore called his ex-girlfriend on a cell phone and offered to take her to work. She agreed. Rather than taking her to work, however, Moore drove his ex-girlfriend down a dead-end road, stopped the truck, and ordered her out of the truck. She refused, saying she needed to get to work. According to the ex-girlfriend, Moore said, "I am going to take you to work, but before you go to work you're going to give me some." Moore then forcibly removed her from the truck and ordered her to pull down her pants. When she refused, he hit her in the back of her head with his fist. Rather than fight Moore, she complied with his demands.

Once out of the truck, Moore forced his second victim to orally sodomize him several times and attempted to have intercourse with her several times before ejaculating. The woman told Moore, "If you're going to rape me, just go on and rape me, whatever you're going to do, just hurry up so I can go to work. I need to work." Moore told her to "shut up" and hit her in the back of the head. The last time she told him to hurry, he hit her across the face with the back of his hand.

Moore then took his second victim to work. During the ride there, she asked Moore what he would do "if somebody would have did your mama like that?" Moore pointed a gun at her head and said, "If they did, bitch, I'd kill them like I'll kill you."

With respect to his first victim, Moore was charged with rape, two counts of aggravated sodomy, kidnapping, two counts of aggravated assault, and possession of a firearm during the commission of a crime. The jury convicted him of all counts except for one count of aggravated sodomy and kidnapping. With respect to his second victim, Moore was charged with rape, one count of aggravated sodomy, two counts of aggravated assault, and possession of a firearm during the commission of a crime. The jury acquitted him of the rape charge, but convicted him of the remaining charges.

1. In his first enumeration of error, Moore challenges the sufficiency of the evidence supporting his convictions for aggravated sodomy against his first victim. By failing to provide any argument with respect to his other convictions, Moore has abandoned any argument that the evidence was insufficient to support those convictions.[1]

With respect to Moore's conviction for aggravated sodomy, he

---

[1] See *Vick v. State*, 237 Ga. App. 762, 763 (1) (516 SE2d 815) (1999).

provides no legal authority whatsoever. His only argument is to point to his own, self-serving testimony that the woman performed consensual oral sex. Although Moore's testimony conflicted with his victim's on the issue of consent, such conflicts "are a matter of credibility for the jury's resolution."[2]

2. Moore contends that the State failed to prove venue beyond a reasonable doubt with respect to the crimes committed against his second victim. Venue, as a jurisdictional fact, must be proven beyond a reasonable doubt.[3] "It is a question to be decided by the jury whose decision will not be set aside if there is any evidence to support it."[4] Although the second victim could not find the exact location where the offenses took place, she testified unequivocally that they "happened in DeKalb" County. Accordingly, the jury was authorized to find that the State proved venue, and we will not disturb its finding on appeal.

3. Moore asserts that two of the aggravated assault counts in the indictment are deficient because they do not contain all of the essential elements of the crime, namely that hands were used as deadly weapons. Moore cites the Supreme Court case of *Smith v. Hardrick*[5] for the proposition that, when an aggravated assault charge is predicated upon the use of hands, the indictment must expressly allege that hands were used as deadly weapons.

A defendant may challenge an indictment by filing either a special or a general demurrer.[6] A special demurrer raises objections to the form of the indictment, and failure to file such a demurrer waives any challenge to form.[7] A general demurrer, on the other hand, challenges the very validity of the indictment and may be raised at any time.[8] It may not, however, be raised in any proceeding.[9] If a challenge to the validity of an indictment has not been made before the trial court, the proper method for such a challenge is through habeas corpus proceedings.[10]

Even assuming that Moore could challenge the validity of the indictment on direct appeal, we see no fatal flaw in the indictment. The true test of validity "is found in the answer to the question: Can the defendant admit the charge as made and still be innocent?"[11]

---

[2] See *Bluain v. State*, 242 Ga. App. 125, 129 (1) (529 SE2d 155) (2000).

[3] *Hayes v. State*, 244 Ga. App. 12 (1) (534 SE2d 577) (2000).

[4] *Carswell v. State*, 244 Ga. App. 516, 518 (1) (534 SE2d 568) (2000).

[5] 266 Ga. 54 (464 SE2d 198) (1995).

[6] *McKay v. State*, 234 Ga. App. 556, 558 (2) (507 SE2d 484) (1998).

[7] Id. at 559.

[8] Id. at 558.

[9] Id. at 559-560.

[10] Id.

[11] (Punctuation omitted.) *Dennard v. State*, 243 Ga. App. 868, 870 (534 SE2d 182) (2000).

Here, the indictments charge Moore with making an assault "with his hands and fists, objects which when used offensively . . . were likely to result in serious bodily injury." Under OCGA § 16-5-21, a person is guilty of aggravated assault when he assaults another "with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury." Thus, although the indictment does not specify that Moore's hands were being used as "deadly weapons," Moore could not admit the allegations contained therein and still be innocent of the crime charged.

4. Moore asserts that the trial court abused its discretion in denying his motion to sever. We disagree. "Severance is mandatory, upon defense request, if offenses are joined improperly, i.e., *solely* because they are of the same or similar character."[12] But a trial court may join offenses for trial if the offenses "are based on the same conduct, on a series of connected acts, or on a series of acts constituting parts of a single scheme or plan."[13] Here, although there were two victims, the crimes against them occurred mere hours apart, in the same general area, and in the same general manner. Accordingly, the offenses constituted a single "crime spree," and the trial court did not err in refusing to sever them.[14]

5. In seven enumerations of error, Moore asserts that the trial court erred in admitting the victims' prior consistent statements because the evidence improperly bolstered their testimony. With respect to five of the challenged statements, Moore failed to object and, thus, waived any error.[15] With respect to the one remaining statement, in which the investigating officer testified as to what the first victim told him, defense counsel objected, but only on hearsay grounds. Accordingly, we will not address whether the testimony improperly bolstered her testimony as this argument was not presented to or ruled upon by the trial court.[16]

6. In two enumerations of error, Moore maintains that the trial court erred in admitting improper expert testimony. Again, Moore failed to object to any of the allegedly improper testimony and, accordingly, has waived error, if any.[17]

7. Moore also contends that the trial court erred in allowing the State to question him in such way as to shift the burden of proof. Moore elected to take the stand and testify in his own defense. He

---

[12] (Punctuation omitted; emphasis in original.) *Byrd v. State*, 236 Ga. App. 485, 487 (4) (512 SE2d 372) (1999).

[13] (Punctuation omitted.) *Jones v. State*, 226 Ga. App. 428, 431 (2) (487 SE2d 62) (1997).

[14] Id.

[15] See *Davitt v. State*, 232 Ga. App. 427 (1) (502 SE2d 300) (1998).

[16] See *Ellison v. State*, 216 Ga. App. 639, 641 (3) (455 SE2d 361) (1995).

[17] See *Davitt*, supra.

testified that, although he did own a gun, it did not look like the gun described by the victims. On cross-examination, the prosecutor asked Moore why he did not bring the gun with him to court to show the jurors. Moore asserts that this question was "improper" because he did not bear any burden to prove his innocence. Moore's assertion lacks merit. "The State, like any other party, has the right to conduct a thorough and sifting cross-examination and to pursue the specifics of a topic [Moore] introduced."[18] Accordingly, the State was entitled to ask him why he did not bring his gun to court.[19]

8. In three enumerations of error, Moore contends that the trial court erred in instructing the jury. As a general matter, a criminal defendant is

> required to present written requests for any desired jury instructions. OCGA § 5-5-24 (b). He is relieved of this duty only where the omission is clearly harmful and erroneous as a matter of law in that it fails to provide the jury with the proper guidelines for determining guilt or innocence.[20]

Here, the record contains no such written requests. Moreover, Moore neither objected to any jury instruction nor reserved the right to object at a later time. Thus, we are precluded from reviewing any alleged error on appeal except to determine whether such error was harmful as a matter of law.[21]

(a) Moore asserts that the trial court erred in failing to instruct the jury on the "controlling defense" in the rape case involving the first victim. In this State, it is well settled "that the failure to give a charge on a defendant's sole defense in a criminal case, even without a request, constitutes reversible error if there is some evidence to support the charge."[22] Although the trial court instructed the jury as to consent, which was Moore's defense in the rape case involving his second victim, Moore contends that the court erred in providing no instruction on his defense in the first rape case, which was to deny having intercourse.

Moore essentially argues that the elements of the crime were not satisfied — that he did not have carnal knowledge of his victim. Initially, we question whether this constitutes a defense. Moreover, even if it may be considered a defense, the trial court properly instructed the jury.

---

[18] *Mitchell v. State*, 242 Ga. App. 177, 181 (4) (a) (529 SE2d 169) (2000).

[19] See *Singleton v. State*, 240 Ga. App. 240, 241 (6) (522 SE2d 734) (1999).

[20] (Punctuation omitted.) *Camphor v. State*, 272 Ga. 408, 414 (6) (b) (529 SE2d 121) (2000).

[21] See *Hart v. State*, 238 Ga. App. 325, 326 (2) (517 SE2d 790) (1999).

[22] *Parker v. State*, 230 Ga. App. 578, 579 (2) (497 SE2d 62) (1998).

"It is a fundamental rule that jury instructions must be considered as a whole in determining whether the charge contained error."[23] Here, the trial court instructed the jury that Moore was innocent until proven guilty, and that he could not "be convicted of any crime unless and until each element of the crime is proven beyond a reasonable doubt." The court also instructed the jury on the elements of rape, including the element of carnal knowledge. As the trial court instructed the jury on the applicable legal principles, we cannot conclude that the charge was harmful as a matter of law.

(b) Moore also contends that the trial court erred in failing to instruct the jury on the lesser included offense of sexual battery. However, "[a] trial judge never errs in failing to instruct the jury on a lesser-included offense where there is no written request to so charge."[24]

(c) Moore maintains that the trial court erred in failing to instruct the jury on the use of hands as a deadly weapon in an aggravated assault charge. Again, "[Moore's] failure to request this charge in writing [eviscerates] his argument."[25]

9. Moore contends that he received ineffective assistance of counsel from his trial attorney. In order to establish a claim of ineffective assistance, Moore

> must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense. Prejudice exists where there is a reasonable probability the jury would have reached a different verdict, absent the error of counsel. We will affirm a trial court's finding that counsel was effective unless it is clearly erroneous.[26]

(a) First, Moore argues that his trial counsel was ineffective in that he was unfamiliar with the law of severance and was unable to provide authority for his position. However, as discussed above, Moore was not entitled to a severance. Thus, his attorney's knowledge of the subject matter, or alleged lack thereof, could not have affected the result reached. Accordingly, this claim of error presents no basis for reversal.[27]

(b) Second, Moore asserts that his attorney was deficient in fail-

---

[23] (Punctuation omitted.) *York v. State*, 242 Ga. App. 281, 291 (5) (c) (528 SE2d 823) (2000).

[24] (Punctuation omitted.) *Rowland v. State*, 228 Ga. App. 66, 67-68 (1) (491 SE2d 119) (1997).

[25] *Price v. State*, 237 Ga. App. 54, 56 (3) (513 SE2d 40) (1999).

[26] (Punctuation and footnotes omitted.) *Watson v. State*, 243 Ga. App. 636, 637 (534 SE2d 93) (2000).

[27] See *Shelley v. State*, 239 Ga. App. 841, 843 (4) (521 SE2d 855) (1999).

ing to have the court reporter transcribe the voir dire, opening statements, and closing arguments. However, Moore does not show how the transcription of these events would have benefitted him, and his failure to demonstrate harm is fatal to his claim.[28]

(c) Third, Moore contends that his attorney was ineffective in failing to request an in camera hearing under the rape shield statute, which he contends would have allowed his attorney "an opportunity to go into detail about the relationship that Mr. Moore had with [his ex-girlfriend], and would have provided evidence on the issues of intent and consensual sex with [her]." Not only was such evidence introduced, but Moore was acquitted of raping his ex-girlfriend. Thus, we fail to see how Moore was harmed by his attorney's failure to elicit more "detail" about the relationship.

(d) Fourth, Moore maintains that his attorney rendered ineffective assistance in failing to object to the "burden shifting" question asked by the prosecutor. As noted in Division 7, however, the prosecutor's question was not improper.[29] Accordingly, Moore's attorney was not ineffective in failing to object.[30]

10. Finally, Moore argues that he received ineffective assistance from the attorney who handled his motion for new trial, and he requests that we remand the case to the trial court for a hearing. However, as we are able to reach the merits of this claim, we will do so in the interest of judicial economy.[31]

As with claims of ineffective assistance of trial counsel, the test for ineffective assistance of counsel at a motion for new trial is a two-part test.[32] The defendant must show both that the attorney's performance was deficient and that the deficient performance prejudiced him.[33] Here, Moore fails to show prejudice.

In order to show prejudice, "a defendant must establish that, but for the inadequate performance of counsel, there is a reasonable probability that the result would have been different."[34] Here, Moore does not argue that he was prejudiced, but merely asserts that his attorney asked questions normally asked by the State, thus making the prosecution's case. He does not, however, point to any particular question that prejudiced him, much less demonstrate how the question "made the prosecution's case." Indeed, in reviewing those portions of the transcript to which Moore cites, the attorney only asked

---

[28] See *Washington v. State*, 238 Ga. App. 561, 562 (2) (a) (519 SE2d 234) (1999).

[29] See *Singleton*, supra.

[30] See *Green v. State*, 242 Ga. App. 868, 872 (5) (a) (532 SE2d 111) (2000) (failure of counsel to make meritless objection not evidence of ineffective assistance).

[31] See *Hayes v. State*, 262 Ga. 881, 883 (3) (426 SE2d 886) (1993).

[32] Id.

[33] Id.; see also *Watson*, supra.

[34] *Hayes*, supra.

background questions of Moore's trial attorney. We fail to see how the result would have been different had the attorney not asked these innocuous questions. Accordingly, Moore has not met his burden of establishing prejudice, and his convictions are affirmed.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED SEPTEMBER 27, 2000 — 

*Timothy W. Hoffman,* for appellant.

Jairus Moore, *pro se.*

*J. Tom Morgan, District Attorney, Robert M. Coker, John H. Petrey, Assistant District Attorneys,* for appellee.