A02A2044. BOLTON v. THE STATE.
(574 SE2d 659)

MILLER, Judge.

Following a jury trial, Reginald Bolton was convicted of one count of rape, three counts of aggravated child molestation, and one count of child molestation, all of which arose out of his sexual misconduct with his seven-year-old stepdaughter over a period of months. He appeals on three grounds: (1) the court denied his motion to sever the various offenses; (2) the court allowed the jury (at its request) to re-view a videotaped interview of the victim but refused to allow the jury to re-hear certain testimony; and (3) he received ineffective assistance of counsel. We discern no error and affirm.

During the first half of 2000, Bolton sexually molested his seven-year-old stepdaughter in numerous and distinct ways. He was charged with seven counts of sexual offenses, including rape (one count), aggravated child molestation (three counts), child molestation (two counts), and incest (one count).

He moved to sever the seven counts so as to require a separate trial on each. Following a hearing, the court found that the offenses were all based on the same conduct and were of the same or similar character. Accordingly, the court denied the motion to sever, and a jury trial ensued on all seven counts.

During deliberations, the jury asked to re-view the videotape of an interview with the victim, which the court allowed. The jury then asked to re-hear the trial testimony of the victim and of two physicians. Over Bolton's objection, the court refused this request, admonishing the jury to use its collective memory to recall the testimony and to not place undue emphasis on the videotape. Following more deliberations, the jury asked the court whether disagreement on a count meant that the defendant was "not guilty" on that count and whether they would be polled in open court regarding their verdict. The court recharged the jury on the need for unanimity and informed the jury of the possibility of being polled in open court.

The jury announced it was deadlocked on three counts, so the court gave them the *Allen* charge set forth in *Spaulding v. State*, 232 Ga. 411, 413 (4) (207 SE2d 43) (1974). See *Allen v. United States*, 164

U. S. 492, 501 (9) (17 SC 154, 41 LE 528) (1896). Bolton raised no objection. The jury found Bolton guilty on all counts except one child molestation count. At Bolton's request, the jury was polled. The court merged the rape and incest counts and sentenced Bolton to twenty years, fifteen to serve and five on probation.

Bolton moved for a new trial, which was denied. He received new appellate counsel, who on appeal raises for the first time a claim of ineffective assistance of counsel. Counsel also argues that the court erred in denying Bolton's motion to sever and in refusing the jury's request to re-hear the victim's and the physicians' testimony.

1. Bolton complains that the court abused its discretion in denying his motion to sever. He claims that the evidence on the various counts was commingled and confused the jury.

The Supreme Court of Georgia has held that

[t]wo or more offenses may be joined in one charge, with each offense stated in a separate count, when the offenses . . . (a) are of the same or similar character, even if not part of a single scheme or plan; or (b) are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan.

(Citation and punctuation omitted.) *Dingler v. State*, 233 Ga. 462, 463 (211 SE2d 752) (1975). If the offenses are joined for trial *solely* on the ground that they were of the same or similar character, the defendant has the right to their severance. Id. Otherwise, the court has the discretion to grant or deny severance based on what is necessary to achieve a fair determination of the defendant's guilt or innocence of each offense. Id. The court should consider whether the jury would be able to distinguish the evidence and apply the law intelligently as to each offense. Id. at 463-464.

Applying these standards, *Anderson v. State*, 236 Ga. App. 679, 680 (1) (513 SE2d 235) (1999), held that where the counts are based on a series of acts connected together or constituting parts of a single scheme or plan, the trial court could properly deny severance based on the interests of justice. Other cases have held that where the evidence of one crime would be admissible as a similar transaction in the trial of the other crime, or where the similarity of the offenses manifests a pattern, the trial court does not abuse its discretion in denying the motion for severance. Id. (similar transaction); *Samples v. State*, 217 Ga. App. 509 (1) (460 SE2d 795) (1995) (pattern). Thus, the trial court may deny a motion to sever where the offenses involve an ongoing scheme involving the same type of crime against the same victim. *Singleton v. State*, 240 Ga. App. 240 (2) (522 SE2d 734) (1999), vacated on other grounds, 243 Ga. App. 429 (533 SE2d 457)

(2000). Various sexual molestations of the same child would therefore be sufficiently connected to withstand a motion to sever. Cf. *Scroggins v. State*, 237 Ga. App. 122, 124 (3) (514 SE2d 252) (1999).

Here the charges of Bolton's various molestations against his stepdaughter involved separate but related sexual acts over a period of months. The related acts were generally based on the same conduct, constituted a pattern or scheme, and were also sufficiently similar to be admissible as similar transactions. See *Wallace v. State*, 228 Ga. App. 686, 689 (3) (492 SE2d 595) (1997). The two offenses based on the identical conduct (rape and incest) merged at sentencing. Since a jury could distinguish the evidence relative to each offense, we hold that the trial court did not abuse its discretion in denying Bolton's motion to sever.

2. Bolton claims that the trial court erred in replaying for the jury the videotaped interview of the victim but then refusing to allow the jury to re-hear the trial testimony of the victim and two physicians. "Whether the trial court will require the court reporter to read former testimony is a matter resting in its sound discretion. [Cit.]" *Davis v. State*, 266 Ga. 801, 802 (4) (471 SE2d 191) (1996). *Lee v. State*, 241 Ga. App. 182, 185 (4) (525 SE2d 426) (1999), held that allowing the jury to re-view a videotape of the victim's police interview but denying their request to re-hear the testimony of three trial witnesses was not an abuse of discretion. Similarly, we hold that under the circumstances of this case, the court did not abuse its discretion. Compare *Scroggins*, supra, 237 Ga. App. at 125-126 (5) (substance of requested testimony was hotly disputed in closing arguments and went to core of defense; court should have allowed jury to re-hear the critical testimony).

3. Bolton raises for the first time on appeal a claim that he received ineffective assistance of counsel. "Where, as here, the record is sufficient, remand is unnecessary and we may decide the ineffectiveness issue. [Cits.]" *Pollard v. State*, 230 Ga. App. 159, 160 (4) (495 SE2d 629) (1998); accord *Laredo v. State*, 253 Ga. App. 155, 157 (2) (558 SE2d 742) (2002).

To establish ineffectiveness of trial counsel, Bolton must show both that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Stephens v. State*, 265 Ga. 120, 121 (2) (453 SE2d 443) (1995), citing *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984). Here Bolton is unable to show even the first prong, for his two claims of deficient performance both argue that counsel failed to make futile objections. " 'Trial counsel's failure to pursue a futile objection does not constitute ineffective assistance.' [Cit.]" *Bogan v. State*, 255 Ga. App. 413, 415 (3) (a) (565 SE2d 588) (2002).

(a) Bolton first contends that his trial counsel erred in failing to object to the court's giving the *Allen* charge in the language approved in *Spaulding*, supra, 232 Ga. at 413 (4). Specifically, he claims that the charge is coercive and incomplete in that it did not caution jurors "that no juror should surrender an honest conviction as to the weight or effect of the evidence solely because of the opinion of other jurors or solely for the purpose of reaching a verdict." Notably, Bolton fails to acknowledge that in the court's general charge, the court had already so instructed the jury.

In any case, Bolton's precise argument was rejected in *Bankston v. State*, 149 Ga. App. 759, 760 (3) (256 SE2d 122) (1979), and in *Wilson v. State*, 145 Ga. App. 315, 320-321 (4) (c) (244 SE2d 355) (1978). See also *Smith v. State*, 187 Ga. App. 322, 324-325 (6) (370 SE2d 185) (1988). Any objection by Bolton's trial counsel on this matter would have therefore been futile.

(b) Bolton's second claim of deficient performance is that his trial counsel failed to object to the court's responses to two questions posed by the jury. We discern nothing objectionable in the court's responses.

The first question was, "If we are not all in agreement on a count does not that mean the defendant is not guilty?" The court responded by recharging the jury that they needed to make a reasonable effort to reach a unanimous verdict on all counts in the indictment and to inform the court if they could not do so. We discern no error in this response. Moreover, we note that contrary to Bolton's assertion, trial counsel did object to this response.

The second question was, "Will the jury be polled in open court?" The court responded by informing the jury that if they reached a verdict, it would be published in open court and the parties would then have the opportunity to request, at their option, that the jury be polled in open court. Again, we discern no error in this response. Accordingly, any objection by trial counsel would have been futile.

Bolton has failed to demonstrate that he received ineffective assistance of counsel.

*Judgment affirmed. Blackburn, C. J., and Johnson, P. J., concur.*

DECIDED NOVEMBER 25, 2002.

*W. Michael Maloof, William F. Rucker*, for appellant.

*J. Tom Morgan, District Attorney, Robert M. Coker, Noah H. Pines, Assistant District Attorneys*, for appellee.