A08A2235. HARRIS v. THE STATE.
(669 SE2d 706)

MILLER, Judge.

Following a jury trial, Jack L. Harris was convicted of four counts of aggravated assault (OCGA § 16-5-21 (a) (2)), three counts of aggravated battery (OCGA § 16-5-24), and two counts of burglary (OCGA § 16-7-1). Harris appeals from the denial of his amended motion for new trial, contending that the trial court (i) erred in failing to instruct the jury on his sole defense of self-defense and accident, (ii) erred in failing to direct a retrial upon an alleged improper communication with a juror, and (iii) erred in allowing the State to cross-examine a character witness as to alleged unproved misconduct. Harris also challenges (i) the effectiveness of trial counsel based, among other things, on trial counsel's failure to request a jury charge as to his sole defense and (ii) the sufficiency of the evidence based upon the claim that the State failed to prove venue. The State concedes, and we agree based on the evidence of record, that the trial court erred in failing to instruct the jury on Harris' sole defense of self-defense and accident. We therefore reverse. See OCGA § 5-5-24 (c); see also *Moore v. State*, 246 Ga. App. 163, 167 (8) (a) (539 SE2d 851) (2000) ("[I]t is well settled that the failure to give a charge on a defendant's sole defense in a criminal case, even without a request [as here], constitutes reversible error if there is some evidence to support the charge.") (punctuation and footnote omitted). We need not address the remaining claims of error because they are unlikely to recur upon the retrial of the case.

*Judgment reversed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED NOVEMBER 18, 2008.

*McCracken Poston*, for appellant.
*Herbert E. Franklin, Jr., District Attorney, Alan C. Norton, Assistant District Attorney*, for appellee.