A91A1521. WHITENER v. THE STATE.
(410 SE2d 796)

McMURRAY, Presiding Judge.

Following a jury trial, defendant was convicted of homicide by vehicle in the first degree. She appeals. *Held*:

1. Defendant moved to suppress the results of a blood alcohol test which was taken approximately two hours after the collision. (The State demonstrated that the concentration of alcohol in defendant's blood at that time was .11 grams percent.) In this regard, defendant argued that the arresting officer did not have probable cause

to arrest her and that, therefore, the subsequent seizure of defendant's blood sample was tainted. The motion to suppress was denied.

In her first enumeration of error, defendant contends the trial court erred in denying the motion to suppress. This contention is without merit.

"A 'warrantless arrest' is constitutionally valid if, at the moment the arrest is made, the facts and circumstances within the knowledge of the arresting officers and of which they had reasonable trustworthy information were sufficient to warrant a prudent man in believing that the accused had committed . . . an offense. [Cits.]" *Callaway v. State*, 257 Ga. 12, 13 (2) (354 SE2d 118). What facts and circumstances were known to the officer at the time of defendant's arrest?

The collision occurred on December 12, 1990, at approximately 4:30 p.m. Conducting an investigation at the scene of the collision, the officer learned that defendant momentarily drove her vehicle on the wrong side of the road and hit the vehicle in which the victim was a passenger head on. The victim was not wearing a seat belt. She "rolled" out of the other vehicle after the collision and was found on the side of the road. She suffered a fractured skull and multiple trauma and died en route to the hospital.

The arresting officer noticed an odor of alcohol on the defendant's breath and inside her vehicle. Defendant told the officer that she had had three beers. She was transported to the hospital where she was treated for her injuries. About two hours after the collision, the officer arrested defendant on suspicion of driving under the influence of alcohol, driving on the wrong side of the road, driving without a driver's license and vehicular homicide. Following her arrest, defendant gave her consent for a blood alcohol test.

We have no hesitation in concluding that, " '[b]ased on these facts, the warrantless arrest was both reasonable and necessary to prevent a failure of justice.' [Cit.]" *Waits v. State*, 172 Ga. App. 524, 525 (323 SE2d 624). As in *State v. Greene*, 178 Ga. App. 875 (344 SE2d 771), where defendant was arrested for driving under the influence because he exuded a strong odor of alcohol and was unsteady on his feet, the facts and circumstances known to the officer warranted a belief that defendant committed an offense. "The same strictness of proof required for a finding of guilt is not necessary for probable cause." *Hall v. State*, 200 Ga. App. 585, 587 (1) (409 SE2d 221).

The arrest of defendant was legal. It follows that the seizure of defendant's blood was not tainted and that the trial court did not err in denying defendant's motion to suppress.

2. Defendant asserts that the trial court erred in failing to strike the testimony of an expert witness who testified that the concentration of alcohol in defendant's blood was .11 grams percent. In this regard, defendant points out that the blood sample was taken more

than two hours after the collision and argues that the witness failed to specify the concentration of alcohol in her blood at the time of the collision. This assertion is without merit.

Although the expert did not pinpoint the amount of alcohol in defendant's blood at the time of the collision, he testified that it takes approximately 30 minutes for the level of blood alcohol to peak and that it diminishes over time. The clear implication of the expert's testimony was that defendant's blood alcohol level exceeded .11 grams percent at the time of the collision. At any rate, the expert's testimony was admissible, its weight was a matter for the jury to decide. See *McGhee v. State*, 253 Ga. 278, 280 (5) (319 SE2d 836).

3. Defendant contends she should not be deemed guilty of homicide by vehicle in the first degree because the victim was not wearing a seat belt at the time of the collision. She recognizes that the victim's failure to wear a seat belt is not to be "considered evidence of negligence" or have a bearing "on any question of liability. . . ." OCGA § 40-8-76.1 (d). She insists, however, that the victim's failure to wear a seat belt should be considered in determining the "cause" of death. In this regard, she asserts that her conduct was not the proximate cause of the victim's death since the victim was not wearing a seat belt. We disagree.

In our view, the victim's failure to wear a seat belt can play no role in determining whether defendant is guilty of vehicular homicide. "[The victim's] failure to wear a seat belt may arguably be a proximate cause of [her] death but was not an event that can sensibly be described as an *intervening* cause of [her] injuries; it was, rather, a condition precedent — among many — to the accident, making [her], under the facts of this case, more vulnerable to injury. We can imagine that in another case, the wearing of a seat belt might contribute to the death of a victim, but it hardly could be claimed that this circumstance would absolve the defendant as constituting an intervening cause.

"So long as the defendant's negligence proximately caused the death of another, the crime has been committed, even if there are other factors which also are proximate causes of the death. As opposed to the civil context, in which compensating deserving victims is the aim, in the criminal context it simply is not relevant that the victim was negligent, unless the defendant's conduct did not substantially contribute to the cause of death. [Cits.]" *State v. Dodge*, 567 A2d 1143, 1144 (Vt. 1989).

As one court put it, quoting Perkins, Criminal Law (3d ed.), pp. 785, 790, " '[N]egligence on the part of the deceased . . . has no bearing upon either responsibility or imputability in the determination of guilt or innocence . . . if it was a substantial factor thereof, an act which is a direct cause of a socially harmful occurrence is always a

proximate cause.' " *People v. Richardson*, 428 NW2d 698, 699 (Mich. App. 1988). Inasmuch as defendant's conduct was a "substantial factor" in causing the victim's death, it was a proximate cause of the victim's death. See *State v. Nester*, 336 SE2d 187, 189 (W.Va. 1985) (fact that victim did not wear a seat belt did not break the causal connection between defendant's wrongful conduct and victim's death).

"Without question, the [victim] would be alive today were it not for the fact that defendant crossed the center line . . . [The victim's] failure to wear a safety belt does not bear on the criminal conduct of defendant. . . ." *People v. Richardson*, 428 NW2d 698, 699, supra.

Even if we were to hold that the victim's failure to use a seat belt should play a role in determining defendant's guilt, the record is devoid of evidence demonstrating that the victim would not have died if she had worn a seat belt. Thus, in any event, the jury was not presented with evidence enabling it to determine what effect the nonuse of a seat belt had on the issue of causation. See *Boatwright v. Czerepinski*, 194 Ga. App. 697, 698 (391 SE2d 685).

4. The evidence was sufficient to enable any rational trier of fact to find defendant guilty of homicide by vehicle in the first degree beyond a reasonable doubt. *Howard v. State*, 177 Ga. App. 589 (1) (340 SE2d 212).

*Judgment affirmed. Sognier, C. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 12, 1991 —
RECONSIDERATION DENIED SEPTEMBER 25, 1991 —

*Warren & Akin, Kelley A. Dial*, for appellant.
*Darrell E. Wilson, District Attorney, Paul F. Cardin, Assistant District Attorney*, for appellee.