S95A0749. WILLINGHAM v. THE STATE.
(457 SE2d 561)

CARLEY, Justice.

After a jury trial, appellant and his two co-defendants were found guilty of malice murder. He appeals from the judgment of conviction

and life sentence entered on the jury's verdict finding him guilty.[1]

1. Appellant enumerates the general grounds.

The homicide resulted from a dispute over drugs and, as noted in the prior appeal of one of appellant's co-defendants, there was a conflict in the evidence as to who was the actual triggerman. *Chapman v. State*, 263 Ga. 393 (435 SE2d 202) (1993). Insofar as appellant's role in the homicide is concerned, the co-defendants both testified that it was he who fired the fatal shot and their testimony was corroborated in other material respects. The co-defendants were available for cross-examination and the credibility of their testimony was for the jury. When construed most strongly against appellant and in support of the guilty verdict, the evidence was sufficient to authorize a rational trier of fact to find proof beyond a reasonable doubt of appellant's guilt of malice murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant enumerates as error the denial of his motion to sever his trial from that of the two co-defendants. Appellant urges that severance was necessary to prevent the return of a guilty verdict based upon his mere association with the two co-defendants. However, appellant was being tried under the theory that he was a party to the homicide and "there was ample evidence to show that [he] was a party to the crime." *Harrell v. State*, 253 Ga. 474, 475 (2) (321 SE2d 739) (1984). Where, as here, there is sufficient evidence of a "common scheme or plan" to commit a criminal offense, joinder is authorized and severance is not mandatory. *Padgett v. State*, 239 Ga. 556 (238 SE2d 92) (1977). The testimony of the co-defendants implicating appellant as the actual triggerman would be no less admissible and probative in a separate trial. As was the case in the prior appeal of appellant's co-defendant, no harm has been shown to result from the joint trial and, therefore, appellant has not demonstrated any reversible abuse of discretion in the trial court's denial of his motion to sever. *Chapman v. State*, supra at 394 (2).

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 30, 1995.

*Janise L. Miller*, for appellant.

*Lewis R. Slaton*, District Attorney, *Leonora Grant, Henry M. Newkirk*, Assistant District Attorneys, *Michael J. Bowers*, Attorney

---

[1] The homicide was committed on November 17, 1989 and appellant and his co-defendants were indicted on November 9, 1990. On April 29, 1991, the guilty verdicts were returned and, on May 1, 1991, the judgments of conviction and life sentences were entered thereon. Appellant's motion for new trial was filed on May 23, 1991 and denied on December 19, 1994. The notice of appeal was filed on January 19, 1995 and the case was docketed in this court on February 3, 1995. The appeal was submitted for decision on March 24, 1995.

*General, Susan V. Boleyn, Senior Assistant Attorney General, Richard J. Warren, Assistant Attorney General, for appellee.*