## S95A1981. WILKINS v. THE STATE.
(466 SE2d 592)

FLETCHER, Presiding Justice.

A jury convicted Betty Sue Wilkins of malice murder, felony murder and three counts of cruelty to children in the death of three-year-old Clayton Miracle and the beating of his twin sister Kelly Miracle.[1] Wilkins appeals contending that the trial court erred in failing to sever her trial from the trial of her husband Joe Wilkins[2] and in admitting "prior difficulties" evidence. Because severance was not required as a matter of due process and because the prior difficulties evidence was admissible to establish intent, we affirm.

The evidence showed that the state placed Clayton and Kelly in foster care with Betty and Joe Wilkins on June 9, 1993. Betty Wilkins had primary responsibility for looking after the children because Joe worked nights and slept during the day. The twins often soiled their underpants or misbehaved and Betty routinely punished them for this. On August 10, 1993, Betty was in the house with Clayton and Kelly while Joe was across the street outside a neighbor's house. According to a state's witness who overheard Betty describe what happened that day, Clayton messed in his pants and was crying. Betty kept hitting him; he stopped crying and then Joe Wilkins came in and told her to call 911. Consistent with this testimony, another witness testified that from the time Betty called Joe to the time the paramedics arrived was under five minutes. The state also offered two statements made by Joe Wilkins in which he stated that he hit Clayton after he had soiled his pants and that Betty had nothing to do with it.

Paramedics arrived within minutes of the 911 call and found Clayton barely breathing, with two large knots on his head, one in the front and one in back. The following day, Clayton died as a result of blunt force trauma to his head. The Wilkinses initially claimed that

---

[1] The beating that led to the death occurred on August 10, 1993. The grand jury indicted Wilkins on December 7, 1993. She was charged with malice murder and felony murder with the underlying felony being cruelty to children by striking Clayton about the head between August 10 and 11. She was also charged with two counts of cruelty to children for conduct occurring between June 9, 1993 and August 9, 1993. The jury returned the guilty verdicts on February 25, 1994. The court merged the underlying cruelty to children count into the felony murder count and merged the felony murder count into the malice murder count. The court sentenced Wilkins to life for murder and to a consecutive 20-year term for one count of cruelty to children and to a concurrent 20-year term for the other cruelty to children count. Wilkins filed a motion for new trial on March 28, 1994 and an amended motion on March 21, 1995. The trial court denied the motion on May 1, 1995. Wilkins sought and was granted an extension of time to file an appeal and filed her notice of appeal on July 27, 1995. The case was docketed in this Court on September 8, 1995 and oral arguments had November 6, 1995.

[2] The jury also convicted Joe Wilkins on all counts. His case was docketed in this Court on February 12, 1996 as Case No. S96A0811.

Clayton accidentally injured himself and gave several inconsistent stories to the paramedics and neighbors about the "accident." The doctor who performed the autopsy testified that Clayton's fatal injuries could not have been caused by an accidental fall and that injuries and bruising found all over Clayton's body were consistent with battered child syndrome. Doctors also examined Kelly and found the same pattern of bruising.

1. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Betty Wilkins guilty of the crimes charged.[3]

2. Wilkins contends the trial court abused its discretion in trying her jointly with her husband because the state introduced her husband's statement, which implicated her in the cruelty to children charges, and because their defenses were antagonistic. The defendant requesting a severance has the burden of making a clear showing of prejudice and a denial of due process in the absence of severance.[4] Factors the trial court should consider in exercising its discretion include: (1) whether the number of defendants creates confusion of the evidence and law applicable to each defendant; (2) whether a danger exists that evidence admissible against one defendant will be considered against the other, despite cautionary instructions; and (3) whether the defenses are antagonistic.[5]

(a) Wilkins contends that the failure to sever resulted in a violation of *Bruton v. United States*, in which the United States Supreme Court held that it violates the right of confrontation to introduce a co-defendant's confession that implicates the defendant in a joint trial when the co-defendant does not testify.[6] In the present case Joe's statements did not implicate Betty in Clayton's death; rather Joe consistently told police that Betty had nothing to do with Clayton's death. Therefore, there was no *Bruton* error with regard to the murder charges.

Joe also stated that Betty "hit" Clayton and Kelly, and that she "whipped" them with a fly swatter. Joe, however, does not describe the force used and his statements are not inconsistent with Betty's testimony that she spanked the children and "popped" them with a plastic fly swatter. The two counts that charged cruelty to children by striking Clayton and Kelly about their bodies specified that the striking left "marks and bruises." Because Joe's statements by themselves do not clearly inculpate Betty in these counts, no *Bruton* error exists.[7]

---

[3] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[4] *Dennard v. State*, 263 Ga. 453, 455 (435 SE2d 26) (1993).

[5] *Cain v. State*, 235 Ga. 128, 129 (218 SE2d 856) (1975).

[6] 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968).

[7] *Owens v. State*, 193 Ga. App. 661, 662 (388 SE2d 712) (1989) (for admission of co-

(b) Betty also contends that the defenses were antagonistic and required severance. Although Joe presented evidence that Betty was responsible for the beating that resulted in Clayton's death, this evidence was cumulative of the state's evidence against Betty. Because Betty has not made the requisite showing of harm,[8] the trial court did not abuse its discretion in denying the motion to sever.

3. The state presented evidence that Betty Wilkins disciplined Clayton and Kelly using several methods, including placing soiled diapers over their heads, forcing them to stand in a cold shower, threatening to make them go under the house where there were "spiders, snakes and the Boogeyman," and making them stand for hours in a plastic garbage bag and hitting them if they moved. Wilkins contends admission of this evidence was error because there was no notice or a hearing under Uniform Superior Court Rules 31.1 and 31.3.

(a) The state contends no notice or hearing was required because the evidence is part of a "continuous transaction," which is excepted from the notice and hearing requirements.[9] Except for the incident involving the garbage bag, the evidence did not show that these other actions were related immediately in time to the beatings specified in the indictment. Because the other discipline methods were not related immediately in time to the alleged beatings, but rather were separate incidents over a two-month period, the "continuous transaction" exception does not apply. To fall within Rule 31.3 (E) the evidence sought to be introduced must be related immediately in time and context to the charged offense.[10] Thus, the state's evidence that Wilkins subjected Clayton and Kelly to excessive and inappropriate discipline is subject to the notice and hearing requirements of Rules 31.1 and 31.3.

Despite the state's failure to give formal 31.1 notice, a review of the record reveals that Wilkins had notice that the state intended to present this evidence. Prior to trial, Wilkins contacted the prosecutor in an attempt to have certain of these incidents redacted from statements made by Joe Wilkins and another witness. Furthermore, three days before trial, Wilkins filed a motion in limine to prevent the state from referring to the incidents before a proper foundation for their admission was shown. Finally, the trial court heard argument prior to opening statements on the admissibility of the evidence. Because Wilkins had notice and an opportunity to be heard, the spirit of Rule

---

defendant's statements to constitute *Bruton* error, statements "standing alone must clearly inculpate" defendant, quoting *United States v. De Parias*, 805 F2d 1447, 1455 (11th Cir. 1986)).

[8] *Cain*, 235 Ga. at 130.

[9] Uniform Superior Court Rule 31.3 (E).

[10] *Grace v. State*, 262 Ga. 746, 747 (425 SE2d 865) (1993).

31.3 was met and the trial court did not commit reversible error in failing to hold a formal Rule 31.3 hearing.[11]

(b) Nor did the court err in admitting the evidence. Wilkins was charged with cruelty to children by striking Clayton and Kelly about their bodies leaving marks and bruises. The state's theory of the case was that Wilkins had a pattern of punishing the children in an excessive manner, including beating them with the wire handle of a fly swatter so that it left bruises on their bodies. Evidence of other methods of discipline that are extreme, but did not leave the children battered and bruised, is relevant to show Wilkins' intent in disciplining Clayton and Kelly. The trial court repeatedly charged the jury that this evidence was for a limited purpose and that they could convict Wilkins of cruelty to children only if they found that she committed the offense in the manner charged in the indictment.

4. Wilkins contends that the state's evidence against her regarding the acts resulting in Clayton's death amounted to an uncorroborated confession, which is insufficient under OCGA § 24-3-53. The facts detailed above, however, provide sufficient corroboration.

5. Wilkins contends the court's charge to the jury was in error in several respects. A review of the record shows that the charge, viewed as a whole, was correct.

*Judgment affirmed. All the Justices concur, except Carley and Hines, JJ., who concur as to Divisions 1, 2, 3 (b), 4, 5 and the judgment.*

DECIDED FEBRUARY 19, 1996.

*Mark M. Wiggins,* for appellant.

*Timothy G. Madison, District Attorney, Robin R. Riggs, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Caroline W. Donaldson, Assistant Attorney General,* for appellee.

---

[11] See *Matula v. State,* 264 Ga. 673, 675 (449 SE2d 850) (1994). We remind the district attorney that notice is required before offering evidence of "prior difficulties" between the defendant and victim, just as it is for evidence of a defendant's uncharged misconduct or "similar transactions." *Barrett v. State,* 263 Ga. 533 (436 SE2d 480) (1993).