## S96A0811. WILKINS v. THE STATE.
(475 SE2d 607)

FLETCHER, Presiding Justice.

A jury convicted Willie Joe Wilkins of malice murder, felony murder and three counts of cruelty to children in the death of three-year-old Clayton Miracle and the beating of his twin sister Kelly Miracle.[1] Wilkins appeals and challenges the sufficiency of the evidence. Because the evidence, including Wilkins' own statements, was suffi-

---

[1] The beating that lead to the death occurred on August 10, 1993. The grand jury indicted Wilkins on December 7, 1993. He was charged with malice murder and felony murder with the underlying felony being cruelty to children by striking Clayton about the head between August 10 and 11. He was also charged with two counts of cruelty to children for conduct occurring between June 9, 1993 and August 9, 1993. The jury returned the guilty verdicts on February 25, 1994. The cruelty to children count underlying the felony murder count merged as a matter of fact with the malice murder count. The felony murder count was vacated by operation of OCGA § 16-1-7. The court sentenced Wilkins to life for murder and to a consecutive twenty-year term for one count of cruelty to children and to a concurrent twenty-year term for the other cruelty to children count. Wilkins filed a motion for new trial on March 17, 1994 and an amended motion on December 19, 1995. The trial court denied the motion on January 16, 1996. Wilkins filed his notice of appeal on January 19, 1996. The case was docketed in this Court on February 12, 1996 and submitted for decision without oral argument on April 8, 1996.

cient to support the convictions, we affirm.

The evidence showed that the state placed Clayton and Kelly in foster care with Wilkins and his wife Betty Sue Wilkins[2] on June 9, 1993. On August 10, 1993, paramedics were summoned to the Wilkins' home by a 911 call and were told that Clayton had fallen in the tub. When the paramedics arrived, Clayton was not breathing and had bruises all over his body. He was taken to Gwinnett Medical Center and airlifted to Scottish Rite where he had emergency surgery. He was declared brain dead at 9:05 p.m. on August 11 and life support systems were disconnected. The doctor who performed the autopsy testified that the severe and extensive injuries were not consistent with an accidental fall and that injuries and bruising found all over Clayton's body were consistent with battered child syndrome. Doctors also examined Kelly and found the same pattern of bruises on her. In a videotaped statement, Wilkins told police that he was angry with Clayton after Clayton soiled his pants and that he hit him.

1. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Wilkins guilty of the crimes charged beyond a reasonable doubt.[3]

2. Wilkins contends that the trial court erred in admitting photographs of Clayton taken after his death; that the trial court erred in admitting a videotaped interview with Kelly; that the trial court should have declared a mistrial after a juror became upset during the trial; and that his trial counsel was ineffective. After carefully reviewing the record, we conclude that none of these enumerations contain reversible error.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 9, 1996.

*Tolbert & Elrod, Scott R. Tolbert,* for appellant.

*Timothy G. Madison, District Attorney, Robin R. Riggs, Assistant District Attorney, Michael J. Bowers, Attorney General, Caroline W. Donaldson, Assistant Attorney General,* for appellee.

---

[2] Betty Sue Wilkins was also convicted of murder in connection with Clayton's death and this Court affirmed. See *Wilkins v. State,* 266 Ga. 278 (466 SE2d 592) (1996).

[3] *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).