A99A1068, A99A1069. SHELLEY v. THE STATE (two cases).

(521 SE2d 855)

McMurray, Presiding Judge.

Defendants Kareem O. Shelley and Courtney G. Shelley are brothers. They were tried jointly before a jury and convicted of armed robbery. The evidence which authorized these convictions reveals that defendants joined together and committed three armed robberies along with co-defendants Calloway and Emmon during a single-night, multi-county crime spree. The third armed robbery is the subject in the cases sub judice.

The first armed robbery occurred at a Fulton County convenience store at about 11:30 p.m. on November 18, 1996. The store's clerk testified that there were four assailants and that two of the men were armed with handguns. This victim positively identified defendant Kareem O. Shelley as an armed assailant. The second armed robbery occurred at a Gwinnett County eating establishment known as the "Waffle House." This time, defendant Courtney G. Shelley remained in the car and served as a "getaway driver." The restaurant's manager testified that there were three assailants; that two of the men were armed, and that defendant Kareem O. Shelley was a gunman. The third armed robbery occurred at about 1:00 a.m. on November 19, 1998, at a DeKalb County eating establishment also known as the "Waffle House." Latoya Brown, a waitress at this restaurant, testified that she was on duty during the armed robbery; that there were three armed assailants, and that defendant Courtney G. Shelley was one of the gunmen.

Each of the defendants filed a notice of appeal, submitting identical enumerations of error, after the denial of their motions for new trial. *Held*:

1. Eyewitness testimony corroborated co-defendants Calloway's and Emmon's testimony that defendants were parties to the three armed robberies in question, including the armed robbery of the DeKalb County "Waffle House." This evidence, and proof that defendants were together on the night of the armed robberies, is sufficient to authorize the jury's finding that defendants are guilty, beyond a reasonable doubt, of the charged offense of armed robbery. OCGA § 16-8-41 (a); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); see *Allen v. State*, 224 Ga. App. 324, 325 (3) (480 SE2d 328). Although there were differences and uncertainties as to certain testimony in the cases sub judice, these matters were for jury resolution — not this Court. *Howard v. State*, 227 Ga. App. 5, 8 (6) (a) (488 SE2d 489); see *Berry v. State*, 268 Ga. 437 (1), 438 (490 SE2d 389).

2. Defendants contend the trial court erred in denying their respective motions to sever the parties based on the likelihood of mistaken identity and the spillover effect of more evidence against one

than there was against the other.

The decision of whether to sever was within the trial court's discretion, and we will not disturb that ruling absent a showing of clear abuse of that discretion. OCGA § 17-8-4; *Stephens v. State*, 170 Ga. App. 267 (1) (316 SE2d 847). Although eyewitness Latoya Brown questioned the reliability of her own identification testimony — that defendant Courtney G. Shelley was a gunman at the DeKalb County "Waffle House" armed robbery — based on her view that the defendants "look a lot alike," this uncertainty does not demand a finding that the denial of a motion to sever was an abuse of discretion. See *Kelley v. State*, 248 Ga. 133, 135 (3) (281 SE2d 589). The factors a trial court must consider in exercising its discretion in regard to a motion to sever are (1) whether the number of defendants will create confusion as to the law and evidence applicable to each, (2) whether there is a danger that evidence admissible against one defendant will be considered against the other despite the court's instructions, and (3) whether the defendants' defenses are antagonistic to each other or to each other's rights. *Cain v. State*, 235 Ga. 128, 129 (218 SE2d 856). None of these factors is present in the cases sub judice.

There was no danger of confusion based on the number of defendants on trial in the cases sub judice because there were only two. There was no evidence admissible against one defendant which was inadmissible against the other. And the defenses of the respective defendants were not antagonistic. They both asserted alibi defenses. These circumstances demonstrate that the trial court did not abuse its discretion in denying defendants' motions to sever.

3. Defendants waived their right to complain about allegedly improper comments uttered during the State's opening statement by failing to object. "A party cannot ignore what he thinks to be error, take his chance on a favorable verdict, and complain on appeal." *West v. State*, 224 Ga. App. 190, 191 (2) (480 SE2d 238). Defendants' assertions regarding other allegedly improper comments uttered during the State's closing argument are unauthorized expansions of each defendant's third enumeration of error. We therefore have no jurisdiction to consider these assertions. *Krebsbach v. State*, 209 Ga. App. 474, 475 (2) (433 SE2d 649).

4. In their fourth enumeration of error, defendants each assert ineffective assistance of trial counsel. An ineffective assistance of counsel claim must be supported by a showing that trial counsel's performance was deficient, and that the result of the trial would have been different but for the alleged deficiency. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674); *Fargason v. State*, 266 Ga. 463, 465 (4) (467 SE2d 551). Although each defendant asserts an extensive list of their respective attorney's inadequacies at trial, neither defendant has proffered argument or citation of authority

showing that any of these alleged inadequacies would have changed the trial's outcome. Under such circumstances, we will not set aside the trial court's order denying defendants' motions for new trial based on ineffective assistance of counsel. A trial court's findings on the effectiveness of counsel must be upheld unless it is shown that those findings are erroneous. *Smith v. State*, 234 Ga. App. 586, 588 (1) (506 SE2d 406).

5. Defendants' complaint as to the trial court's charge on reasonable doubt was similarly rejected in *McDuffie v. State*, 210 Ga. App. 112, 114 (2) (435 SE2d 452). Other challenges to the trial court's jury instructions are unauthorized expansions of each defendant's final enumeration of error. We therefore have no jurisdiction to consider these assertions. *Krebsbach v. State*, 209 Ga. App. at 475 (2), supra.

*Judgments affirmed. Andrews, P. J., and Ruffin, J., concur.*

DECIDED AUGUST 27, 1999 —
RECONSIDERATION DENIED SEPTEMBER 8, 1999

*Elaine T. McGruder*, for appellants.

*J. Tom Morgan, District Attorney, Robert E. Statham III, Maria Murcier-Ashley, Assistant District Attorneys*, for appellee.