## A99A2075. STRICKLAND v. THE STATE.
### (524 SE2d 305)

BLACKBURN, Presiding Judge.

Monte Ray Strickland appeals the trial court's denial of his motion in limine to suppress all evidence gathered against him in the underlying prosecution for DUI. Strickland contends that the arresting officer did not have probable cause to subject him to field sobriety tests and to charge him with DUI. Because the officer's observations of Strickland were sufficient to show probable cause to arrest him for DUI, we affirm the trial court's denial of Strickland's motion in limine.

> "In cases involving the review of the grant or denial of motions to suppress or motions in limine, we must construe the evidence most favorably to uphold the findings and judgment of the trial court, and that court's findings as to disputed facts and credibility must be adopted unless clearly erroneous."

State v. Bowen, 231 Ga. App. 95 (498 SE2d 570) (1998).

So viewing the evidence, it reveals that Corporal Dove with the Peachtree City Police Department stopped Strickland's stepson for operation of a golf cart while underage. The boy's stepfather was notified, and Strickland arrived to pick up his stepson driving a truck. When the officer approached Strickland, she noticed that his eyes were bloodshot, his speech was slow, and there was a strong odor of alcoholic beverages on his breath. Strickland admitted that he had been drinking that day. At that point, Dove asked Strickland to perform the horizontal gaze nystagmus, walk and turn, and one-leg stand tests, the results of which were consistent with being under the influence of alcohol. Officer Dove then placed him under arrest for DUI.

Strickland's contention that the officer had no reason to suspect that he was impaired and driving under the influence prior to the

field sobriety tests belies the uncontroverted evidence that his eyes were bloodshot, his speech was slow, there was an odor of alcoholic beverage about him, and that he admitted to having consumed alcoholic beverages. This evidence was sufficient to justify further investigation, the results of which were sufficient to show probable cause to arrest him for driving under the influence. See *Cann-Hanson v. State*, 223 Ga. App. 690, 691 (1) (478 SE2d 460) (1996); *Whitener v. State*, 201 Ga. App. 309, 310 (410 SE2d 796) (1991). Accordingly, the trial court did not err by denying Strickland's motion in limine.

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED NOVEMBER 1, 1999.

*Saia & Richardson, Joseph J. Saia*, for appellant.
*Steven L. Harris, Solicitor*, for appellee.