## A01A1253. HOLLAND v. THE STATE.
(554 SE2d 303)

RUFFIN, Judge.

A jury found David Holland, Jr. guilty of theft by taking. In his sole enumeration of error on appeal, Holland argues that the evidence was wholly circumstantial and did not exclude every other reasonable hypothesis except his guilt. As the evidence was sufficient to support the jury's verdict, we affirm.

Viewed in the light most favorable to the jury's verdict,[1] the evidence shows that Holland was employed as a truck driver for Fletcher Enterprises. On or about June 18, 1998, Holland picked up a load of 25 rolls of carpet from Dunlap, Tennessee, which he was to deliver to Philco & Associates in Salem, Oregon. Rather than immediately heading toward his destination, Holland drove out of his way and stopped at Robert Massengale's house in Dade County, Georgia. While there, Holland and Massengale unloaded one roll of carpet with an estimated value of $1,700. The two placed the carpet on a trailer, which they put in a barn on Massengale's property and covered with a tarp.

On June 24, 1998, Holland arrived in Salem, Oregon, with the remaining 24 rolls of carpet. Aaron Carroll, who received the shipment for Philco & Associates, informed Holland about the missing roll. According to Carroll, Holland provided no explanation for it.

In the meantime, on June 23, 1998, Investigator Don Hicks of the Dade County Sheriff's Department received an anonymous call regarding a stolen roll of carpet at the Massengale residence. Hicks drove to the residence, where he found the carpet, which had been partially unwrapped. Hicks testified that a piece of the carpet had been cut off one end of the roll. Holland was thereafter accused of theft by taking.

At the trial, Holland testified that, after picking up the truckload of carpets in Tennessee, he drove toward Chattanooga to have dinner with his wife, who was traveling with him, and his two daughters. After leaving the restaurant, he noticed that the trailer was leaning, and he suspected that the load of carpets had shifted. He called his friend, Massengale, for assistance in rearranging the rolls of carpet. Although Massengale lived down a narrow road, Holland drove to his house rather than attempting to adjust the load while on the side of the highway. According to Holland, while he and Massengale attempted to rearrange the rolls of carpet, one fell out of the trailer, and they were unable to reload it. Thus, Holland left the carpet in Massengale's barn. During the four to five days it took to get to Ore-

---

[1] See *Reed v. State*, 244 Ga. App. 146 (534 SE2d 871) (2000).

gon, both Holland and his wife attempted to get in touch with someone from Fletcher Enterprises to explain the situation, but neither was successful. Holland's wife and Massengale also testified and corroborated Holland's version of the events.

The jury evidently disbelieved Holland's version, and he was convicted of theft by taking. On appeal, Holland contends that his conviction must be reversed because it was based upon circumstantial evidence, and he "provided a reasonable alternative theory to the State's case." We disagree.

In order to sustain a conviction based upon circumstantial evidence, the evidence must exclude every reasonable hypothesis except the guilt of the accused.[2] The evidence does *not* have to remove every possibility of the accused's innocence.[3] Moreover, whether or not a hypothesis is reasonable is primarily a question for the jury, which heard the evidence.[4] This is necessarily so, because "we have no legal yardstick by which we can ordinarily determine what in a given case is a reasonable hypothesis, save the opinion of twelve upright and intelligent jurors."[5]

Here, the jury clearly found Holland's hypothesis unreasonable. Given that Holland drove out of his way to drop off the roll of carpet, failed to contact his employer to explain the situation, failed to provide any explanation for the piece of carpet that had been cut from the roll, and provided the recipient of the remaining rolls no explanation for the missing roll, the jury was authorized to reject Holland's version of the events.

Holland's explanation was seemingly plausible, and we recognize that his innocence remains a possibility. But the possibility of innocence is not the appropriate inquiry for appellate review.[6] "If [Holland] is not guilty, he is an unfortunate wretch in the grip of most merciless circumstances. We are willing to take the word of the jury for his guilt, based on these circumstances, and leave the case as we find it. It is not the strongest, but strong enough."[7] Accordingly, we affirm.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

---

[2] See *Kier v. State*, 247 Ga. App. 431, 434 (1) (543 SE2d 801) (2000).

[3] Id.

[4] *Moore v. State*, 242 Ga. App. 208, 210 (1) (529 SE2d 210) (2000).

[5] (Punctuation omitted.) *Jones v. State*, 165 Ga. App. 36, 38 (1) (299 SE2d 576) (1983).

[6] See *Ashley v. State*, 240 Ga. App. 502, 503 (1) (523 SE2d 901) (1999) (State not required to remove every possibility of innocence of crime charged).

[7] (Punctuation omitted.) *Lopez v. State*, 184 Ga. App. 31, 33 (2) (360 SE2d 722) (1987).

Decided August 22, 2001.

*John R. Emmett*, for appellant.
*Herbert E. Franklin, Jr., District Attorney*, for appellee.