A02A0910. WILEY et al. v. THE STATE.
(570 SE2d 28)

JOHNSON, Presiding Judge.

Don Wiley and Robert Wilkes were convicted of unlawfully dumping waste on public land. They appeal, challenging the sufficiency of the evidence supporting their convictions. The challenge is without merit, so we affirm their convictions.

The evidence introduced at trial shows that a man was at the entrance of the Dawson Forest Wildlife Management Area preparing

---

[3] *Diaz*, supra at 382-383; *Banks v. State*, 235 Ga. App. 701, 702 (1) (509 SE2d 63) (1998).
[4] *Deering v. State*, 244 Ga. App. 30, 31-32 (1) (535 SE2d 4) (2000).

for a bicycle ride when he saw a truck, which was pulling a trailer loaded with a boat dock, enter the wildlife area. The man suspected that the people in the truck were going to dump the dock in the area, so he called the police.

A Dawson County sheriff's deputy quickly responded to the call and went to the wildlife management area. He requested assistance from a Georgia Department of Natural Resources officer and then drove into the area to search for the truck. Inside the wildlife preserve, the deputy found Wiley driving the truck and Wilkes riding in it.

The deputy stopped the men, whose trailer was carrying only foam flotation pieces of a boat dock and not a dock platform. The man who had called the police then came by the scene of the stop on his bicycle and told the deputy that some of the items he had seen on the trailer were missing. Wiley initially denied that anything was missing from the trailer, but a few minutes later he told the deputy that some items had fallen off of it and he gave the location of the items.

By then, the DNR officer had arrived. The deputy told him where Wiley had said the missing items were located. The DNR officer went to search for the items. He found the metal and wood platform of the dock lying in woods by the side of a dirt road.

Wiley testified that he and Wilkes own a dock repair and replacement business. On the day in question, he claimed that they were actually going to dump the dock at a landfill. But then they realized that they would not get to the landfill before it closed, so they headed back home, and on the way they decided to ride through the wildlife management area. Inside the wildlife area, they came to a dead-end road. When Wiley tried to turn the truck around, the dock platform slid off the trailer.

The jury found Wiley and Wilkes guilty of unlawful dumping. The trial court sentenced each of them to serve two years on probation, to pay $2,500 in fines, and to perform 100 hours of community service.

1. Wiley and Wilkes argue that their convictions must be reversed because there is only circumstantial evidence that they dumped the dock. Contrary to their argument, the circumstantial evidence is sufficient to sustain the convictions.

> In order to sustain a conviction based upon circumstantial evidence, the evidence must exclude every reasonable hypothesis except the guilt of the accused. The evidence does not have to remove every possibility of the accused's innocence. Moreover, whether or not a hypothesis is reasonable is primarily a question for the jury, which heard the evidence. This is necessarily so, because we have no legal yard-

stick by which we can ordinarily determine what in a given case is a reasonable hypothesis, save the opinion of twelve upright and intelligent jurors.[1]

Based on all the circumstances in the instant case, the jurors were authorized to reject the defense theory that the dock fell off the trailer accidentally and to find instead that Wiley and Wilkes are guilty beyond a reasonable doubt of intentionally dumping the dock in the public wildlife management area.[2] The jury's finding will not be disturbed where, as in this case, it is supported by the evidence.[3]

2. Wiley and Wilkes contend that their felony convictions must be reversed because there is insufficient evidence that they dumped the dock for commercial purposes. The contention is without merit.

Any person who unlawfully dumps waste "for commercial purposes" is guilty of a felony that is punishable by a fine of not more than $25,000 or imprisonment for not more than two years, or both.[4] The phrase "commercial purposes" means for the purpose of economic gain.[5]

Here, Wiley himself testified that he and Wilkes are in the business of repairing and replacing docks. The state also introduced evidence that the dock dumped by Wiley and Wilkes in the wildlife area had to later be disposed of at a landfill for a fee. The evidence is therefore sufficient to show that Wiley and Wilkes dumped the dock in the wildlife area while in pursuit of their dock business and to avoid having to pay for the disposal of the dock. Because they dumped the dock for economic purposes, their felony convictions are supported by the evidence.

*Judgment affirmed. Blackburn, C. J., and Miller, J., concur.*

DECIDED JULY 29, 2002.

*William M. Brownell, Jr.*, for appellants.
*Lydia J. Sartain, District Attorney, Richard A. Vandever, Assistant District Attorney*, for appellee.

---

[1] (Punctuation, footnotes and emphasis omitted.) *Holland v. State*, 251 Ga. App. 312, 313 (554 SE2d 303) (2001).
[2] See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); OCGA § 16-7-52 (1) (it is unlawful for any person to dump waste, unless authorized to do so by law or permit, on public lands).
[3] *Wright v. State*, 274 Ga. 730, 731 (1) (559 SE2d 437) (2002).
[4] OCGA § 16-7-53 (c).
[5] OCGA § 16-7-51 (2).