## A02A1087. BAYSINGER v. THE STATE.
(570 SE2d 593)

JOHNSON, Presiding Judge.

William Baysinger was driving his car while under the influence of alcohol when he unlawfully failed to yield the right of way to another car carrying a family of four. The two cars collided, and the family in the car hit by Baysinger was injured, including serious injuries to the arms and legs of a four-month-old boy riding in a child's car seat. Baysinger was charged with driving under the influence of alcohol to the extent it was less safe for him to drive, driving under the influence of alcohol with a blood alcohol level of 0.10 grams or more, failing to yield, possessing an open container of alcohol while driving, and causing serious injury by vehicle as a result of the DUI violations. Baysinger pled guilty to the DUI, failure to yield, and open container charges.

He pled not guilty to the serious injury by vehicle charge, waived his right to a jury trial, and proceeded to a bench trial. Prior to trial, Baysinger stipulated that the collision was caused by his failure to yield the right of way, that he was under the influence of alcohol to the extent it was less safe for him to drive, and that his blood alcohol level was 0.16. His defense at trial was that the serious injuries suffered by the child were caused, not by his driving under the influence of alcohol, but by the fact that the parents had placed the child's car seat so that it was facing forward rather than backward.

The trial judge rejected Baysinger's defense and found him guilty of serious injury by vehicle. Baysinger appeals, challenging the sufficiency of the evidence supporting his conviction. The challenge is without merit, so we affirm the conviction.

1. Baysinger argues that the evidence does not show that his driving under the influence of alcohol was the sole proximate cause of the child's serious injuries. Rather, he contends, the evidence shows that the parents' placement of the child in a seat facing the wrong way also caused the injuries. Contrary to Baysinger's argument, even if the parents' placement of the car seat contributed to the child's injuries, Baysinger is not necessarily absolved of criminal responsibility.

If the injury did not flow naturally and directly from the defendant's wrongful act, or could not reasonably have been expected to result from his wrongful act, or would not have resulted but for the interposition of an independent and unforeseen cause, then the defendant's wrongful act would not be the proximate cause of the injury.[1] But as long as the defendant's negligence proximately caused

---

[1] *Miller v. State*, 236 Ga. App. 825, 828-829 (2) (513 SE2d 27) (1999).

the injury of another, the crime has been committed, even if there are other factors which also are proximate causes of the injury.[2] Unlike the civil context, in the criminal context it simply is not relevant that the victim was negligent unless the defendant's conduct did not substantially contribute to the cause of the injury.[3]

In the instant case, the child's serious injuries were not the result of some unforeseeable intervening act. Instead, they were substantially caused by Baysinger's admitted criminal acts of driving under the influence of alcohol and failing to yield. The fact that the child's car seat may have been facing in the wrong direction did not break the causal connection between Baysinger's wrongful conduct and the child's serious injuries; without question, the child would not have been injured were it not for the facts that Baysinger drove while intoxicated and slammed into the victim's car.[4] Even if other factors contributed to the injuries, the trial judge, sitting as the finder of fact, was authorized to find beyond a reasonable doubt that Baysinger is guilty of serious injury by vehicle.[5]

2. Baysinger claims that his conviction must be reversed because the state's evidence of causation was only circumstantial. The claim is incorrect because the state presented direct evidence that the child's serious injuries were caused by the automobile collision through the testimony of the child's physician. The physician testified that the boy suffered a spinal cord injury, rendering his arms and legs useless, as a result of the motor vehicle collision.

Moreover, even if the state's evidence were purely circumstantial, it would still be sufficient to support Baysinger's conviction. To sustain a conviction based on circumstantial evidence, the evidence need not exclude every possibility of innocence, but must exclude reasonable hypotheses except the guilt of the accused.[6] And whether or not a hypothesis is reasonable is generally a question for the factfinder, which heard the evidence.[7] This is necessarily so, because we have no legal yardstick by which we can ordinarily determine what in a given case is a reasonable hypothesis, save the opinion of an upright and intelligent finder of facts.[8]

Based on all the evidence, together with the stipulated facts that Baysinger was driving under the influence of alcohol to the extent that he was a less safe driver and that he caused the accident, the

---

[2] *Whitener v. State*, 201 Ga. App. 309, 311 (3) (410 SE2d 796) (1991).

[3] Id.

[4] Id. at 312.

[5] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); OCGA § 40-6-394.

[6] *Jones v. State*, 253 Ga. App. 376, 377 (1) (559 SE2d 119) (2002).

[7] *Holland v. State*, 251 Ga. App. 312, 313 (554 SE2d 303) (2001).

[8] Id.

trial judge was authorized to find beyond a reasonable doubt that Baysinger is guilty of serious injury by vehicle.[9]

*Judgment affirmed. Blackburn, C. J., and Miller, J., concur.*

DECIDED AUGUST 16, 2002 —
RECONSIDERATION DENIED SEPTEMBER 5, 2002 —

*Chestney-Hawkins Law Firm, Michael M. Hawkins,* for appellant.

*Timothy G. Madison, District Attorney, Robin R. Riggs, Assistant District Attorney,* for appellee.

---

[9] See *Gentry v. State*, 236 Ga. App. 820, 821-822 (1) (513 SE2d 528) (1999).