## A02A1785. BUTLER v. THE STATE.
### (576 SE2d 596)

RUFFIN, Presiding Judge.

A jury found Mitzi Lynn Butler guilty of two counts of second degree arson and two counts of second degree criminal damage to property. In her sole enumeration of error on appeal, Butler challenges the sufficiency of the evidence. As we find that the evidence was sufficient, we affirm.

On appeal from a criminal conviction, Butler no longer enjoys a presumption of innocence, and we view the evidence in the light most favorable to the jury's verdict.[1] Viewed in this light, the record reveals that on the evening of April 20, 2001, Butler went to a bar with John Baldwin. According to Butler, she drove because Baldwin "had just gotten a DUI or something." After leaving the bar, Baldwin volunteered to pump gas into Butler's pickup truck, which evidently was low on gas. Butler agreed and pulled into a gas station where Baldwin filled the truck with gas. Butler testified that she was not paying attention to Baldwin as he pumped the gas.

After leaving the station, Baldwin asked Butler if she would take him on a detour, and they drove to Ladell Road. The victims, Shane Terhune and Kerry Wilkie, live on that road. As Butler drove toward the residence, Terhune saw the lights from the truck. According to Butler, Baldwin exited the truck and "went toward the back of [the] truck." A few moments later, Terhune saw Baldwin run and jump into the truck, which sped away. Wilkie, too, saw the truck's lights and looked out the window. Immediately thereafter, both Terhune and Wilkie discovered that their two cars, parked near their residence, were on fire. Both cars were completely destroyed.

Officer Jeff Richardson, who responded to the emergency call, examined the burning cars. Richardson testified that because *both* cars were on fire, he believed that someone had intentionally set fire to the cars. And, in view of the speed with which both cars burned, Richardson believed an accelerant had been used. Terhune told Richardson that he had seen Baldwin running away from the burning cars, and he gave Richardson a description of the truck Butler was driving. Shortly thereafter, Sergeant Ray Logan apprehended Baldwin and Butler. Logan smelled "a very strong odor of gasoline" and

---

[1] See *Mack v. State*, 255 Ga. App. 210, 211 (564 SE2d 799) (2002).

found a small amount of gasoline spilled in the bed of the truck. Butler was then arrested.[2]

On appeal, Butler asserts that the evidence was insufficient to sustain her convictions. Specifically, Butler argues that there was no evidence that she knew that Baldwin was going to engage in criminal activity when she drove him to the Terhune residence. Butler suggests that the evidence shows, at most, that she was guilty either of obstruction or of acting as an accessory after the fact — two crimes for which she was not charged. We disagree.

To be found guilty as a party to the crime, Butler must have been an accessory before the fact.[3] In other words, there must be some evidence that Butler knew of Baldwin's criminal intent before he burned the cars.[4] Here, there is sufficient circumstantial evidence that Butler had such knowledge. The evidence suggests that Baldwin pumped the gas used as the accelerant while Butler was present; retrieved gasoline from the bed of the truck; poured the gasoline on the cars; and set the cars on fire. Although Butler claimed to have no knowledge of Baldwin's criminal intent, she had ample opportunity to observe him. Accordingly, the jurors were authorized to conclude that, having been with Baldwin the entire evening, Butler knew about his criminal venture. This conclusion is buttressed by the fact that Butler fled with Baldwin from the scene of the crime.

In so holding, we recognize that Butler's assertion that she was duped into helping Baldwin is plausible and that her innocence remains a possibility. "But the possibility of innocence is not the appropriate inquiry for appellate review."[5] Rather, we are required to defer to the jury's verdict "and leave the case as we find it. It is not the strongest, but strong enough."[6] Accordingly, we affirm the verdict and judgment of the trial court.

*Judgment affirmed. Barnes and Adams, JJ., concur.*

DECIDED JANUARY 13, 2003.

*Barry V. Smith, Bret E. Rudeseal*, for appellant.
*Bryant G. Speed II, District Attorney, Charles S. Cox, Assistant District Attorney*, for appellee.

---

[2] Baldwin also was arrested and charged with arson, criminal damage to property, and trespass, and he evidently pled guilty.
[3] See *Purvis v. State*, 208 Ga. App. 653, 654-655 (433 SE2d 58) (1993).
[4] See id.
[5] *Holland v. State*, 251 Ga. App. 312, 313 (554 SE2d 303) (2001).
[6] (Punctuation omitted.) Id.