A03A0422. KING v. THE STATE.
A03A0423. MASSEY v. THE STATE.
(584 SE2d 652)

JOHNSON, Presiding Judge.

After a jury trial, Jacob King was found guilty of first degree vehicular homicide, reckless driving, serious injury by vehicle, and racing. His friend and co-defendant, Michael Massey, was found guilty of first degree vehicular homicide, reckless driving, serious injury by vehicle, racing, and driving under the influence of marijuana to the extent he was a less safe driver. The jury found Massey not guilty of possession of marijuana. The trial court entered judgments of conviction on the verdicts. In Case No. A03A0422, King appeals from the judgments of conviction entered against him. In Case No. A03A0423, Massey appeals from the judgments of conviction entered against him.

Viewed in a light most favorable to the verdict, the evidence

---

[13] See *Seidenfaden v. State*, 249 Ga. App. 314, 319 (4) (547 SE2d 578) (2001).

shows that King and Massey were each driving their own pickup trucks on Barrett Parkway in Cobb County at 11:00 p.m. They were driving side by side, passing each other, weaving in and out of traffic, and speeding. King entered a curve in the roadway, with Massey driving even with or just behind him. King lost control of his truck and struck a tree, and the truck reentered the roadway in the path of oncoming traffic. Edward Holcombe saw King's truck coming toward his car in a spinning motion. The ensuing collision left Holcombe's daughter dead and Holcombe injured. Massey's truck did not make contact with either of the vehicles.

### Case No. A03A0422

1. King's argument that the evidence was insufficient to support his conviction for serious injury by vehicle is without merit. Although there was no medical testimony as to Holcombe's injuries, Holcombe testified that after the collision he was trapped and had to be cut out of the car, that he suffered a concussion and had to be transported by ambulance to the hospital, that he had to get stitches in his head, that he injured his hand and wore a brace on it for several weeks, that he had to have knee surgery to repair torn cartilage, and that his wrist and thumb still did not function properly more than two years after the collision. Taking the evidence in the light most favorable to the jury's verdict of guilty, we conclude that there was sufficient evidence from which a rational trier of fact could have found King guilty of causing serious injury by vehicle.[1]

2. King contends the trial court gave an incomplete jury instruction on the crime of speeding. Specifically, he states that the trial court committed reversible error by failing to charge the jury with OCGA § 40-6-181 (b), which sets forth the maximum speed limits for certain types of locations.

The trial court included in its charge an instruction on OCGA § 40-6-180, which sets out the prohibition against driving too fast for conditions. As part of that instruction, the court listed several examples, such as traveling at an unreasonable or imprudent speed when approaching and going around a curve. The court also charged the jury that no one is to exceed the maximum posted speed limits.

Citing *Bilbrey v. State*,[2] King argues that these instructions were not sufficient to instruct the jury as to what specific act was unlawful. He urges that when OCGA § 40-6-180 is charged to the jury, so should OCGA § 40-6-181 (b), which specifies the maximum speed

---

[1] See *Keef v. State*, 220 Ga. App. 134, 137 (1) (a) (469 SE2d 318) (1996).
[2] 254 Ga. 629 (331 SE2d 551) (1985).

limits for particular types of areas. King's argument presents no basis for reversal in this case.

King was charged with reckless driving by repeatedly changing lanes and exceeding the speed limit, not with driving at an unreasonable rate of speed given then-existing conditions.[3] Although it is undisputed that the collision occurred just after King's truck entered a curve, the evidence overwhelmingly involved King's and Massey's acts of exceeding the speed limit and changing lanes just before the collision occurred. In fact, the testimony of various witnesses shows that King was driving between 53 and 90 mph in a 45-mph zone, and that he was still speeding when he approached the curve.

Given the evidence, a charge that a driver must drive at a speed which is lower than the maximum speed limit when a special hazard requires a lower speed was not warranted.[4] A trial judge does not err in excluding a charge that is not adequately adjusted to the case or reasonably raised by the evidence.[5] Inasmuch as a charge on OCGA § 40-6-180 was not required by the evidence, a charge on OCGA § 40-6-181 (b) was not required to be given in conjunction with it. We note that the trial court properly charged the jury that no one shall drive in excess of the maximum posted speed limit. The court's charge on speeding was sufficient.

3. King contends the trial court erred in denying his motion to sever parties when drug charges filed against Massey prejudiced his case and severance would have allowed Massey to give testimony which could have exculpated King of the charges brought against him.

Whether to sever parties is a matter for the trial court's sound discretion and will not be set aside absent a showing of clear abuse.[6] In exercising that discretion, a court is to consider whether the number of defendants will create confusion, whether there is a danger that evidence admissible against one defendant will be considered against the other despite the court's instruction, and whether the defendants' defenses are antagonistic to each other.[7] Here, the trial court did not abuse its discretion in finding these criteria absent. That there were only two defendants makes it unlikely that the jury was confused. The court instructed the jurors that they were to determine the guilt or innocence of each defendant separately. The

---

[3] See OCGA § 40-6-180; compare *Bilbrey*, where the defendant was charged with driving too fast for conditions.

[4] See generally *Bilbrey*, supra at 630-631 (1).

[5] *Gill v. State*, 229 Ga. App. 462, 464 (4) (494 SE2d 259) (1997).

[6] *Shelley v. State*, 239 Ga. App. 841, 842 (2) (521 SE2d 855) (1999).

[7] Id.

defenses were not antagonistic, inasmuch as both men claimed their driving activities were not the proximate cause of the fatal collision.

The fact that Massey faced two drug charges did not require severance, as the additional offenses arose from the same transaction.[8] Since King and Massey were being tried as parties to several jointly charged offenses, and since there is overwhelming proof that the men were parties to the crimes, joinder was authorized and severance was not mandatory.[9] We note that King has not shown how Massey's testimony could have exculpated him of the charges. There was no abuse of discretion.

4. According to King, the trial court erred by failing to properly charge the jury on causation or proximate cause. He complains that the court should have charged the jury that it was obligated to acquit him if he did not cause the victim's death, and that a definition of proximate cause should have been given because there was evidence that Holcombe was speeding. Based on the evidence, the instructions given on causation were sufficient.

Tracking the language of the vehicular homicide statute,[10] the trial court charged the jury that a person commits homicide by vehicle when, without malice aforethought, that person causes the death of another, that causation is a material element of the offense, and that the state is required to prove causation beyond a reasonable doubt. The court also instructed the jury on misfortune and accident. Taken as a whole, there was no error.[11]

Our holding in *Baysinger v. State*[12] does not require a different result. *Baysinger* did not involve the failure to give a jury charge. Even more importantly, we stated in that case that, "[u]nlike the civil context, in the criminal context it simply is not relevant that the victim was negligent unless the defendant's conduct did not substantially contribute to the cause of the injury."[13] There is no question that King's conduct substantially contributed to the collision. No further instruction was required on causation.

5. King and Massey contend the trial court erred in failing to grant and rule upon their demurrers to the first two indictments, in denying their plea in bar to the third indictment, and in consenting to a nolle prosequi on the first two indictments.

Contrary to King's and Massey's position, OCGA § 17-7-53.1,

---

[8] *Padgett v. State*, 239 Ga. 556, 559 (238 SE2d 92) (1977).

[9] *Willingham v. State*, 265 Ga. 435, 436 (2) (457 SE2d 561) (1995).

[10] OCGA § 40-6-393.

[11] See *Davis v. State*, 245 Ga. App. 402, 407-408 (3) (538 SE2d 67) (2000); *Mote v. State*, 212 Ga. App. 551, 553 (2) (442 SE2d 799) (1994) (physical precedent only); see also *Lyons v. State*, 248 Ga. App. 59, 61 (2) (545 SE2d 614) (2001).

[12] 257 Ga. App. 273 (570 SE2d 593) (2002).

[13] Id. at 274 (1).

which bars prosecuting a defendant under a third indictment for the same offense, does not work to bar future prosecutions based upon the state's entry of two nolle prosequi orders. This is because the earlier indictments were not quashed as a result of action by the defense or the court on its own motion.[14]

## Case No. A03A0423

6. Massey contends the evidence was insufficient to support any of his convictions. He urges that, as to the reckless driving charge (which formed the basis for the vehicular homicide charge), there was insufficient evidence that his driving was the cause of the death of Holcombe's daughter, since he had slowed down by the time King's truck collided with Holcombe's car. He adds that he and King had only changed lanes two to three times and had kept several car lengths between them and other cars. Regarding the serious injury by vehicle charge, he maintains that the state did not prove Holcombe's injuries were serious. As for racing, he urges that there was evidence that he was only trying to catch up with, not pass, King's truck. And as for the driving under the influence of marijuana charge, he says no witnesses testified that he appeared to be under the influence close to the time of the accident, and there was no evidence that the amount of marijuana he ingested rendered him a less safe driver. The evidence was sufficient.

Eyewitnesses testified that they saw King and Massey driving recklessly all the way to the scene of the collision, that the men repeatedly passed each other, that they were speeding, that they at times drove side by side, that they sped off side by side, that their passengers told them to slow down, that they were weaving in and out of traffic, and that the two trucks were still speeding as they approached the curve. An officer with the DUI task force who was at the accident scene observed that Massey looked and acted as if he had been using marijuana. A marijuana-stained pipe was found in his truck, and laboratory tests showed the presence of marijuana in his urine. There was evidence that Holcombe suffered a concussion, required stitches and knee surgery, and, at the time of trial, was still having problems with his knee, wrist, and thumb as a result of the collision. The evidence was sufficient under the standard set forth in *Jackson v. Virginia.*[15]

7. Massey claims the trial court erred in charging the jury that "when an indictment charges a crime was committed in more than one way, proof that it was committed in one of the separate ways or

[14] *Gourley v. State,* 268 Ga. 235, 236 (1) (486 SE2d 342) (1997); see *State v. Lejeune,* 276 Ga. 179 (576 SE2d 888) (2003).
[15] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

methods alleged in the indictment makes a prima facie case for jury determination as to guilt or innocence." He acknowledges that the charge was generally correct, but says it was error under the facts of this case because it authorized the jury to convict him of first degree homicide by vehicle based on a finding of only speeding, when speeding would only support a second degree vehicular homicide conviction. However, inasmuch as speeding alone can authorize a conviction of first degree vehicular homicide by reckless conduct,[16] this enumeration is without merit.

8. Massey argues that the trial court erred in failing to give his requested charges on proximate cause. In sum, the charges would have instructed the jury that if Massey was not speeding or changing lanes at the time of the victim's death, he did not proximately cause her death. As discussed in Division 4, the trial court's charge on causation was adequate.

9. Massey complains that the trial court erred in allowing the state's witness to testify regarding the results of chemical tests, since the results had not been furnished to Massey prior to trial.[17] Before trial, the state gave Massey a crime lab report showing only that Massey's urine was positive for marijuana. But at trial, the witness testified regarding the quantity of marijuana, and that it was in the "higher" range. This argument presents no basis for reversal.

The state maintains that it only received the quantitative information the night before the witness testified. Massey has not shown prejudice because the trial court gave defense counsel the opportunity to review the results and to re-call the expert on the matter. Moreover, the witness' testimony regarding quantity was not critical to the prosecution of the charge that Massey was impaired by marijuana. There was other evidence that he was impaired, regardless of the quantitative lab results. Under the circumstances, Massey has failed to show prejudice to his defense or bad faith on the part of the state.[18]

10. Massey states that the trial court erred in denying his request to sever his trial from King's, when the joint trial caused confusion, the men had antagonistic defenses, King's out-of-court statements were admitted in violation of Bruton,[19] and evidence implicating King was used against Massey.

---

[16] Deshazier v. State, 155 Ga. App. 526 (1) (271 SE2d 664) (1980); see Cronan v. State, 236 Ga. App. 374, 377 (3) (511 SE2d 899) (1999).

[17] OCGA § 17-16-1 et seq.

[18] See Carey v. State, 257 Ga. 134, 135 (3) (356 SE2d 507) (1987).

[19] Bruton v. United States, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968), holds that it violates the right of confrontation to introduce a co-defendant's confession that implicates the defendant in a joint trial when the co-defendant does not testify. Wilkins v. State, 266 Ga. 278, 279 (2) (a) (466 SE2d 592) (1996).

As discussed in Division 3, the trial court did not abuse its discretion regarding severance. As for the alleged *Bruton* violation, the trial court allowed King's statement because his attorney represented that King would testify. When he did not, Massey could have moved for a mistrial or at least requested limiting instructions, though he did not. In any event, King's out-of-court statements were merely cumulative of other evidence.[20] Reversal is not required.

11. Massey contends he is entitled to a new trial based on newly discovered evidence as to the speed of Holcombe's vehicle at the time of the accident. Massey urges that he thought King's vehicle had been demolished after the collision, but discovered after trial that it was still on an impound lot. Massey then had the truck examined by an accident reconstruction expert. The expert opined that King's truck had been stopped at the time of the accident, with a blown tire, and it was hit by Holcombe's car at a speed of 48-63 mph. Massey states that this new evidence is important because it suggests that the accident could have been avoided by Holcombe.

The trial court did not abuse its discretion in denying the motion for a new trial based on new evidence. Massey did not prove that he used diligence to find the truck before trial, or that the "new" evidence was material and not merely cumulative.[21] Moreover, the speed of Holcombe's car as given at trial was consistent with the new expert's testimony. And the fact that King's truck may have come to a stop at the time it appeared in front of and was struck by Holcombe's car would not have absolved Massey of his responsibility for the collision. The trial court did not abuse its discretion in denying Massey's motion for a new trial based on newly discovered evidence.[22]

12. Massey claims his due process rights were violated when the state destroyed and failed to preserve exculpatory evidence. He complains that the state released King's car and rear tire before indictment, even though it could have been used to establish whether a tire blowout caused the accident. The evidence shows, though, that after conducting its tests on the vehicle, the state simply turned the tire and truck over to King's insurance company. It did not destroy or hide the tire. This enumeration presents no grounds for reversal.

13. In an enumeration similar to that discussed in Division 2, Massey urges that the trial court erred in its instruction on speeding in that the trial court's definition of the crime exceeded the scope of what was alleged in the indictment. In defining "speeding," the court told the jury, in pertinent part, that no person shall drive at a speed greater than is reasonable and careful under the conditions, that a

---

[20] See *Kirton v. State*, 246 Ga. App. 670, 671-672 (1) (541 SE2d 673) (2000).

[21] See *Warren v. State*, 247 Ga. App. 838, 840 (1) (545 SE2d 138) (2001).

[22] See *Timberlake v. State*, 246 Ga. 488, 491 (1) (271 SE2d 792) (1980).

person shall drive at a reasonable speed when, among other things, approaching and going around a curve, and that no one shall drive in excess of the posted speed limit. According to Massey, based on this instruction, the jury could find speeding based on his driving too fast for conditions, when the indictment alleged recklessness based only on lane changing and exceeding the speed limit.

It is not error to charge an entire Code section even though part of the section is inapplicable.[23] An overreaching charge results in reversible error if a reasonable possibility exists that the jury may convict the defendant of committing the crime in a manner not charged.[24] Here, there was evidence that Massey was driving 53-90 mph in a 45-mph zone. In light of the evidence that Massey was exceeding the speed limit, and in the absence of evidence that he was traveling within the speed limit but too fast for conditions, it is not likely the jury found Massey guilty of committing a crime in a manner not charged.

*Judgments affirmed. Eldridge and Mikell, JJ., concur.*

DECIDED JUNE 27, 2003.

*Browning & Tanksley, George T. Smith, Dupree, Poole & King, Hylton B. Dupree, Jr., Patrick N. Millsaps,* for appellant (case no. A03A0422).

*Debra H. Bernes, Nancy I. Jordan,* for appellant (case no. A03A0423).

*Patrick H. Head, District Attorney, Patricia G. Hull, Dana J. Norman, Timothy B. Lumpkin, Amelia G. Pray, Assistant District Attorneys,* for appellee.

---

[23] *Stephens v. State,* 255 Ga. App. 680, 684 (6) (569 SE2d 250) (2002).
[24] Id.